FREEZE *v.* IMPROVEMENT DISTRICT NO. 16.

Opinion delivered November 13, 1916.

1. LOCAL IMPROVEMENT—ORGANIZATION OF DISTRICT—DESCRIPTION—"CENTER."—The description of a district began with a point in the "center" of a certain quarter section. *Held,* the description was not invalid, although the quarter section, the center of which was referred to, was not a square.

2. LOCAL IMPROVEMENT—SUFFICIENCY OF DESCRIPTION.—The description of a local improvement is sufficient which describes one boundary as along the right-of-way of a certain railroad: that will be treated as certain which can be made certain.

3. LOCAL IMPROVEMENT—STREETS—DESCRIPTION.—The description of certain streets to be paved, held sufficient.

4. LOCAL IMPROVEMENT—STREET IMPROVEMENT—ADJOINING STREETS.—In the formation of a paving district, property may be included between which there is no actual physical connection, and in this case, *held,* that there was no fraud or mistake on the part of the city council in designating the streets to be included in the district.

Appeal from Craighead Chancery Court, Western District; *J. D. Block,* Special Chancellor; affirmed.

*H. M. Mayes,* for appellants.

1. The petition was for the improvement of certain streets while the ordinance limits the improvement to a portion or part of such streets. This is inconsistent and not uniform. 115 Ark. 594; 86 Ark. 21; 59 *Id.* 354; 108 *Id.* 141; 115 Ark. 88; 105 Ark. 65.

2. The boundary line is indefinite and not "easily distinguished." Kirby's Digest, § 5665. The point of beginning is indefinite and the north boundary line of the railroad is uncertain. 105 Ark. 65.

3. Property is included that is not "adjoining" or "near" the improvements, but at a great distance therefrom. 84 Ark. 257.

4. Improvement districts cannot be merged where no benefits result. 109 Ark. 90; 125 Ark. 57.

5. The specifications of the improvements are not definite. 115 Ark. 88.

*Lamb, Turney & Sloan,* for appellees.

1. There was no variance or inconsistency in the petitions or ordinances in the description of the streets

to be improved.  30 Cyc. 1119; 90 Ark. 29; 1 Ga. 171; 1 Pick. (Mass.) 248; 151 Mo. 210.

2.  The boundary lines were designated so as to be easily distinguished.  60 N. W. 538; 60 S. E. 76.

3.  All property included within the district adjoins the locality to be affected by the improvement.  52 Ark. 112; 70 *Id.* 466; 84 *Id.* 267.

4.  The fact that this district includes property which has heretofore been included in other districts does not invalidate its organization.  109 Ark. 97; 90 *Id.* 29; 103 *Id.* 452.

5.  The designation of the improvements was sufficient.  90 Ark. 29; 97 *Id.* 339; 106 *Id.* 66.

McCULLOCH, C. J.  An improvement district has been formed in the City of Jonesboro for the purpose of paving parts of certain streets near the center of that city, and this is an action instituted by appellant in the chancery court of Craighead county to restrain the Board of Improvement of the district from carrying out the purposes of the organization.  It is alleged that the organization is void upon several grounds set forth in the complaint.

(1)  The first attack is made on the ground that the boundary lines of the district are insufficiently set forth to constitute a definite description so that property owners may know the precise territorial limits of the district.  The description begins with a point in the center of a certain quarter section, and it is claimed that the subdivision mentioned is not an exact square according to the government surveys, in other words that it is a fractional quarter section, and that the use of the word "center" in the description does not designate a specific point of beginning.  It might be a question of construction to determine whether the word "center" referred to the exact geographical center of the quarter section or to the common corners of the four smaller subdivisions constituting the quarter section, but whenever necessary to construe the word thus used it can be done and that

will make certain the use in which the word is meant. It is not contended that the difference makes any substantial change in the line of the district, but even if it does we are of the opinion that the use of the word does not make the description so uncertain as would invalidate the organization of the district.

(2)   It is also contended that the description is indefinite for the reason that it designates one of the lines as running along the north boundary of the right of way of a certain railroad, and it is argued that it is an insufficient description without designating the line more particularly by metes and bounds or otherwise. That should be treated as certain which can be made certain, and it is a matter susceptible of proof as to what constitutes the north boundary line of the right of way of the railroad, and therefore it is a sufficient description.

(3)   The next point of attack is that there is a variance between the improvement described in the petition and that described in the ordinance creating the district. It is said that in the petition for the organization of the district the improvement is described as paving certain streets, whereas the ordinance creating the district specifies the improvement as the paving of parts of certain streets. When the language of the petition is compared with that of the ordinance, it is found that they correspond in substance, and that the purpose of the organization is described as that of paving certain portions of the street named, the precise extent of the improvement being described alike in each instance. The attack on that score is entirely unfounded.

(4)   It is shown that the boundaries of the district include property several blocks distant from the nearest portion of the contemplated improvement— conceded to be about one-fourth mile distant, and that the distant property so included does not adjoin the improvement within the meaning of the constitutional provision authorizing the assessment of real property for local improvements in cities and towns "based upon

the consent of a majority in value of the property holders owning property adjoining the locality to be affected." Art. XIX, Sec. 27, Const. 1874.

That provision of the constitution has received an interpretation by this court in the case of *Little Rock* v. *Katzenstein*, 52 Ark. 107, which we think is controlling in the present case. In that case the court laid down two rules as follows: "First. That property adjoining the locality to be affected is any property adjoining or near the improvement which is physically affected, or the value of which is commercially affected, directly by the improvement, to a degree in excess of the effect upon the property in the city generally. Second. That the action of the city council, in including property in an improvement district, is conclusive of the fact that it is adjoining the locality to be affected, except when attacked for fraud or demonstrable mistake." In that case the court was dealing with the question of the validity of a district which embraced property in a block abutting on the street to be improved, but the particular lots owned by the recalcitrant property owner did not abut on the street.

This principle was followed in the case of *Matthews* v. *Kimball*, 70 Ark. 451, in which it was held that the organization of a district composed of the whole of the city of Little Rock for the purpose of establishing and maintaining a public park was valid. In the opinion the court said: "In the case at bar there is no break in the continuity of the assessable lots or parcels of ground from the park grounds to the outermost boundaries of the district, which is the city. Therefore, according to *Katzenstein* v. *Little Rock*, *supra*, all is adjoining the locality to be affected."

Again, in the case of *Board of Improvement* v. *Offenhauser*, 84 Ark. 257, the court expressly approved the doctrine of the Katzenstein case and held that the inclusion in a sewer district of property three hundred feet from any of the sewers was not necessarily invalid.

It being established by these decisions that there need not be any physical connection between the included property and the improvement, and that the action of the city council is conclusive except for fraud or demonstrable mistake, the only question is whether or not it can be said to be either fraudulent to include property distant from the improvement to the extent shown in the present case, or that it constitutes a demonstrable mistake to include such property. Our conclusion is that the facts of this case are not sufficient to establish either fraud or a demonstrable mistake, and that the conclusive effect of the action of the city council in embracing the property within the limits of the district is not overturned. Property may be so remote from the improvement that it will not receive special benefit in proportion to the property actually abutting on the improvement, yet it may be affected by the improvement in excess of the effect upon the property of the city generally. That was emphasized in the *Katzenstein* case, *supra*. Applying this rule to the case at bar, we cannot say that it is a demonstrable mistake to include property distant from the improvement.

We are not dealing now with the question of the extent to which the property is affected, further than to ascertain whether or not it is a demonstrable mistake to say that it is affected in excess of the effect upon other property generally. The statute provides a method of direct attack upon the action of the assessors in determining the extent to which the property is affected and the benefits which are likely to accrue from the construction of the improvement. The actual benefit in excess of the general benefit to property in the community may be very slight, and yet the inclusion of the property in the district be justified. In determining whether or not the action of the city council shall be set aside, we are therefore confined to the consideration of questions of fraud or demonstrable mistake, and we are of the opinion, as before stated, that it cannot be said in the present instance

that the action of the city council was demonstrably erroneous.

The territory described included two other districts organized for the purpose of paving portions of certain streets, and it is contended that this renders the district invalid.   On that point the case is ruled by *Boles* v. *Kelley*, 90 Ark. 29, and *Board of Improvement* v. *Offenhauser, supra.*

Other points of attack are not of sufficient importance to call for discussion.   The conclusion of the majority is that all of the attacks upon the validity of the district are unfounded, and that the chancery court was correct in so declaring and in dismissing the complaint of appellant for want of equity.   Affirmed.

WOOD and HART, JJ., dissent.