SNETZER v. GREGG.

Opinion delivered June 25, 1917.

1. LOCAL IMPROVEMENT—REASON FOR TAX.—The right to levy a special tax on property to pay the cost of local improvements is based upon the theory of a special benefit to the property thus taxed.

2. LOCAL IMPROVEMENT—TAXATION OF PERSONAL PROPERTY.—Personal property can not be taxed for local improvement.

3. STATUTES—PARTIAL INVALIDITY—TAXATION FOR LOCAL IMPROVEMENT.—An act provided for the taxation of both real and personal property for local improvement and also provided that if any portion of it was declared invalid, because of its provision for the taxation of a particular sort of property, that the remaining portion of the act should be enforced. That portion of the act providing for the taxation of personal property is *held* invalid, but the remainder of the act *held* valid.

Appeal from Jackson Chancery Court; *Geo T. Humphries,* Chancellor; affirmed.

*Edwin L. Boyce,* for appellant.

1. The attempt to assess personal property for a local improvement renders the act void. Art. 19, § 27, Const.; 119 Ark. 258; 1 Page & Jones on Assessments, etc., § § 2, 4, 11; 59 Ark. 536; 64 *Id.* 265; 120 *Id.* 15; 119 *Id.* 21; 64 *Id.* 555. Personal property is not subject to tax under the law. Hamilton on the Law of Special Assessments, § 275, and cases *supra.*

2. Improvement districts have only such powers as are expressly conferred by statute. 114 Ark. 369; 115 *Id.* 194; 110 *Id.* 416; 109 *Id.* 90; 125 *Id.* 61. No authority to assess personal property is granted by the Constitution. The act is invalid as it attempts to assess personal property. 125 Ark. 163.

*Jno. W.* and *Jos. M. Stayton,* for appellees.

1. The act is not void because it attempts to levy a tax on personal property. 64 Ark. 562; 39 La. Ann. 455; 59 Ark. 532, 535; 83 *Id.* 348; 96 *Id.* 424; 45 La. Ann. —; 52 *Id.* Ann. 1292; 108 La. 146; Page & Jones Special Ass'n, p. 876. Any property benefited is subject to assessment. 52 Ark. 107; 64 *Id.* 555; 84 *Id.* 257.

2. But the act is separable and the right to assess realty is not affected. 92 Ark. 100; 89 *Id.* 466. The unconstitutional part of the act may be eliminated and the balance of the act stand.

McCulloch, C. J. The General Assembly of 1917 enacted a special statute creating an improvement district designated as the Newport Levee District, for the purpose of constructing a levee to protect property in the city of Newport and vicinity from inundation by water overflowing White river. The city of Newport constituted mainly, although not wholly, the territory embraced in the boundaries of the district. The territory is described by metes and bounds, and appellant, who is the owner of real estate in the district, instituted

this action to restrain the board of commissioners from proceeding according to the terms of the statute.

It is contended that the statute is void because it authorizes the assessment of personal property, as well as real estate, to raise funds with which to pay for the construction and maintenance of the levee. The statute is novel in this respect, for the attempt to tax personal property for a local improvement has never been undertaken in this State. The statute provides that the assessors of the district "shall at once proceed to assess the benefits accruing to the lands, lots and parts of lots, railroad tracks and rights-of-way and tramroads in said district, by reason of the construction of such improvement, and also the benefit accruing to the personal property in said district by reason of such improvement." It also provides that the assessors "shall make a list of such lands, lots and parts of lots, railroad tracks and rights-of-way and tramroads, and a separate list of such personal property in books to be provided by said board of directors for that purpose, showing a description of the same, the name of the owner or owners of such lands, lots and parts of lots, railroad tracks and rights-of-way and tramroads, and the name of the owner of such personal property, and the amount of the benefit assessed thereon by said board of assessors, and shall file said list with the secretary of said board of directors."

The question is, therefore, squarely presented whether or not personal property can be subjected to taxation for local improvement. This has not heretofore been attempted in this State, as we have already said, nor can we find in the books any example of an attempt in other States to tax personal property as such for the purpose of defraying the expenses of local improvements. In the State of Louisiana a tax on cotton per bale grown on lands in a levee district for the purpose of maintaining the levees which protected the land, and also a special tax on oysters taken from beds protected by an improvement for the maintenance of which the

tax is levied, has been upheld by the courts of that State. *Excelsior Planting & Manufacturing Co.* v. *Green, Collector,* 39 La. Ann. 455; *Board of Commissioners* v. *Mialegvich,* 52 La. Ann. 1292. In one of those cases, however, the tax was sustained on the principle that the subject-matter was the product of the land, and in the other, on the principle that the State had the power to prescribe the terms and conditions upon which oysters should be removed from lands of the State, the oysters being protected in the beds, as it was shown by the proof in the case, and in that sense was a product of the land; and the cotton grown on the land being a product, was taxed as such. In the case upholding the tax on cotton (*Excelsior Planting & Manufacturing Co.* v. *Green, Collector, supra*) The court said: "The Legislature, doubtless, concluded that the cotton produced on land would be as reasonable and fair a measure of the extra benefit derived by such land as any other, and that this cotton, having been protected during the whole season of its growth by the levees, had enjoyed a benefit which formed a just basis for its assessment. In this the Legislature certainly acted within the range of its power and in thorough conformity with the principles of special assessment. The only question was how and when to apportion and collect the assessment on such cotton. The simplest and most practical method was evidently that adopted, towit: to apportion it on the ginned bale, which is the mercantile form to which all cotton is reduced for marketable purposes."

In the other case cited, in which the tax on oysters was upheld, the court said: "Another objection to the assessment is that oysters are not the produce of alluvial lands, and that if they are they are not the produce of lands which are subject to taxation, for the reason that they are cultivated on land belonging to the State. We may, without deep research, find marked analogy between the cultivation of the oysters and that of crops. Their beds are on submerged lands, and they require as much, or nearly as much, care and cultivation as crops.

It is true that the fisherman need know nothing of the labors of the plow, and the cultivation of the ground, but his work is among the oyster beds laid very near the shore and his oysters, if not produced directly by the land, are very much aided by the favorable situation in which they are placed, that is, in territory protected by the levees, as before stated. We agree with counsel that they are not the produce of the land in the sense that plants are by it given life, but we are, as we take it, justified in holding that from the very fact that these lands are owned by the State, and as such, not subject to taxation, gives rise to the right specially to assess them. Being the property of the State, she may well impose the condition that those who occupy them shall pay an assessment tax for public improvement. The defendant is not in the position of a fisherman who occupied and owns land. He can not prevent the State from imposing such condition, in so far as he is concerned, and such assessment on her own lands, as may be deemed to the interest of all concerned.''

(1) · It is thus seen that tax on the products of the land is treated as an indirect tax on the benefit accruing to the land by virtue of the improvement, and if it be conceded to be reasonable and lawful to impose the tax on that theory, this is far from upholding a tax on personal property independent of its connection with the real estate, for the purpose of defraying the expenses of a local improvement. We are clearly of the opinion that it could not be done. It is said in many decisions that the right to levy a special tax on property to pay the cost of local improvements can be justified only on the theory of special benefit to the property thus taxed. That doctrine has been repeatedly announced in the decisions of this court. *Kirst* v. *Street Improvement District No.* 120, 86 Ark. 1.

(2) It follows that personal property can not be taxed, for the reason that it can not be specially benefited by a local improvement. The owner may be benefited in the enjoyment of the use of his personal prop-

erty in that locality, but the property itself derives no benefit. A horse has the same value situated, for the time being, within the bounds of an improvement district, or outside of it. Money deposited in a bank, or commercial paper, is of the same value whether held in a city embraced in an improvement district or elsewhere, and a stock of merchandise is worth its market value wherever situated, regardless of a local improvement. The construction of the improvement may result in increased conveniences for handling the personal property, but the benefit, after all, is to the owner and not to the property. The *situs* of personal property follows the domicile of the owner. It may be located one day inside of an improvement district and the next day it is found elsewhere, and it has no fixed *situs* like real estate within the meaning necessary to constitute it the subject-matter of special assessments based on benefits. Special assessment are levied on the property itself, and not against the owner as a personal liability, and the benefit must be to the property itself, rather than to the owner, in order to justify the special taxation. It is otherwise as to general taxation, for the taxation of every species of property is justified, however transitory its *situs* may be within the jurisdiction of the sovereignty which undertakes to impose the tax. Mr. Hamilton in his text book on this subject (Hamilton's Law of Special Assessments, § 275), makes the unqualified statement that one of the cardinal rules for special assessments is that they can be levied only on real estate. In Page & Jones on Taxation by Assessment (Vol. 1, § 548), the contrary view is stated, but no authority is cited, except the Louisiana cases which, as we have already seen, do not sustain that view. The authors concede the rule established by a great number of cases to be that special tax for local improvement must be confined to real estate. That is the view expressed by the Supreme Court of Mississippi in *Town of Macon* v. *Patty,* 57 Miss. 378, 34 Am. Rep. 451. In the case of *Fort Smith Light & Traction Co.* v. *McDonough,* 119 Ark. 258, we said: ''It must readily be

conceded, and it is conceded by appellee, that taxation for local improvement must be confined to real estate to be benefited by the proposed improvement. Personal property is not subject to taxation for that purpose, nor was it attempted in the enactment of the statute under consideration to tax personalty.'' That statement was unnecessarily broad upon the issues involved in that particular case, and it amounted to mere *dictum,* but we think it was a correct statement of law on the subject, and we reannounce it now as being correct. Assessments for local benefits must be confined to real estate receiving peculiar benefits from the improvement to be constructed and maintained, and must be limited to those benefits, and personal property can not be taxed for that purpose.

(3)   It does not follow, however, from this declaration against the validity of the attempt to tax personal property that the whole statute is void.   Appellant is not complaining as the owner of personal property, and does not allege that he is the owner of that character of property, but sues as the owner of real estate to resist the levy of the special tax on his land.   One of the sections of the statute reads as follows:

''If, upon a contest by any property owner in said district, as to the legality or constitutionality of the assessment of benefits levied on any class or species of property under this act, for the construction and maintenance of the improvements contemplated by this act, or for the payment of the indebtedness of the district, such assessment of benefits should be held by the court of final resort to be illegal and unconstitutional, then the property in the district which can be legally and constitutionally assessed to defray the cost of construction and maintenance of such improvements and to discharge the indebtedness of the district only shall be assessed to defray such cost and to discharge such indebtedness.''

But for the provision just quoted, it would follow that the whole statute is void, because the Legislature

had determined that it was appropriate and just to tax all of the property, both real and personal, for the construction of the improvements, and we could not see that the Legislature would have passed the statute with the authority to tax personal property eliminated. This declaration incorporated by the law-makers into the statute presents an altogether different question, for it expresses the purpose of the law-makers to the effect that, even if the personal property can not be taxed, it is not only practicable to construct the improvement out of the taxation or the benefits accruing to real estate, but that it is just to do so. We have then in the statute two legislative determinations; one that it is just and fair to include benefits to personalty in the scheme of taxation, and also that if that can not be done under the law, it is equally just to pay for the construction of the improvements with funds derived from the taxation on benefits accruing to real property alone. This is not the delegation of legislative authority to the courts, nor is it an inconsistent alternative. It is a positive declaration of the purpose of the Legislature to put the law into force to the full extent of its constitutional power.

The following statement on this subject is found in 6 R. L. C., § 123: "Occasionally the Legislature expressly states its will that the valid provisions of a statute shall be enforced in spite of any judicial determination that certain sections of the act are unconstitutional. Such an expression of the will of the Legislature is generally carried out by the courts." The only authority cited by the text writer is the case of *State* v. *Clausen,* 65 Wash. 156, 37 L. R. A. (N. S.) 466, and that is the only authority we can find on the subject. We are not prepared to say that the rule stated by the text-writer can be given general application so as to apply to all cases where the law-makers may see fit to incorporate such a declaration into a statute, but we do say that when applied to a statute like this, it constituted a legislative determination of its full purpose, and that that declaration can, and should be carried into effect. Under a statute like that

a part of the law which is not swept away by the courts as being in conflict with the Constitution is declared to be in force, and there is no mistaking the legislative will in that respect.

We are of the opinion, therefore, that this statute is not rendered unconstitutional as a whole merely because the Legislature has exceeded its power in attempting to tax a species of property which is not subject to special taxation.

Other questions concerning the validity of the statute were raised in the pleadings below, but it is conceded now that they are unfounded. One is that the description of the boundaries of the district are uncertain, and it is conceded in that respect, too, that the description can be made certain by resort to extraneous investigation to locate the objects referred to in the description. We agree with counsel that the boundaries are sufficiently pointed out to be made definite, and that the creation of the district is not void on that account. *Freeze* v. *Improvement District,* 126 Ark. 172, 189 S. W. 660. There is nothing brought to our attention, therefore, which impairs the validity of the statute so far as herein indicated, and the chancery court was correct in its decision refusing to enjoin the proceedings under the statute. Appellant does not claim to be the owner of personal property, and is, therefore, not asking for relief on that account.

Decree affirmed.