SKIPPER *v.* STREET IMPROVEMENT DISTRICT No. 1.

Opinion delivered May 10, 1920.

1. STATUTES—READING OF BILL.—An act is not unconstitutional because, after being passed by one house, the bill was transferred to the other branch of the Legislature on the same day and there read twice, under suspension of the rules.

2. MUNICIPAL IMPROVEMENT DISTRICTS—PETITION.—Special act No. 39 of January 16, 1920, authorizing municipal improvement districts to exceed in the cost of the improvement 20 per cent. of the assessed valuation of the real property, is unconstitutional, as permitting an increase of the limit of assessment authorized by Kirby's Digest, § 5683, without requiring a new petition of property owners.

3. STATUTES—WHEN INVALID PORTION STRICKEN OUT.—The unconstitutional portion of a statute may be stricken out without impairing the effect of the remainder of the act where the provisions are wholly independent, and it can be seen that the Legislature would have enacted the remaining part of the statute.

4. MUNICIPAL IMPROVEMENT DISTRICTS—CONSTRUCTION OF STATUTE.—Special act No. 39 of January 26, 1920, § 4, authorizing local municipal improvement districts to expend money in excess of 20 per cent. of the assessed valuation of the real property, is prospective in its operation, and can not apply to districts organized before its passage.

5. MUNICIPAL IMPROVEMENT DISTRICTS—SPECIAL ACT HELD TO MODIFY GENERAL ACT.—Special act No. 39 of January 26, 1920, § 4, authorizing a local improvement district to exceed in expenses 20 per cent. of the assessed valuation of real property, being repugnant to Kirby's Digest, § 5683, limiting the expenses to such amount, operates *pro tanto* to modify such general statute.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; reversed.

### STATEMENT OF FACTS.

During the year 1918, two separate petitions were circulated in the city of Morrilton for the establishment of two improvement districts designated respectively as Street Improvement District No. 1 and Street Improvement District No. 2. District No. 1 was organized for the purpose of paving certain streets within the city of Morrilton, and District No. 2 for the purpose of constructing gutters and curbs upon the streets that were to be paved in District No. 1. The statute in regard to the organization of local improvements in cities and towns was followed, and in each case a majority in value of the owners of real property within the proposed district signed the petition praying for the improvement. An ordinance was duly passed in each case creating the district. It was ascertained that neither improvement could be constructed within the statutory limitation of twenty per cent. of the assessed valuation of the property within the proposed district. At the special session of the Legislature which convened in January, 1920, a bill was introduced which removed the twenty per cent. limitation provided by the statute and authorized the expenditure of a greater per cent. than twenty per cent. of the value of the real property of the district as shown by the last county assessment. The constitutionality of the statute is attacked on this ground. Under the allegations of the complaint the cost of the improvement in each district will exceed twenty per cent. of the value of the real property in such district as shown by the last county assessment.

The prayer of the complaint is that the chancery court enjoin the commissioners from proceeding further in the construction of the improvement.

A demurrer was interposed to the complaint which was sustained by the court. The plaintiff elected to stand upon his complaint and the complaint in each case was dismissed for want of equity.

The cases were consolidated and tried together in the court below and are here on appeal.

*J. A. Eades,* for appellant.

The court erred in sustaining the demurrer to the complaint. Act 39, Acts 1920, was not constitutionally passed and it was void. *Booe* v. *Imp. Dist.* 4, 141 Ark. 140, settles the question. 112 Ark. 254-9.

*Sellers, Gordon & Sellers,* for appellees.

The act is valid and was constitutionally passed. *Booe* v. *Imp. Dist.,* 141 Ark. 140. The 20 per cent. limitation being required by the Constitution could be dispensed with by the Legislature, and was. *Gibson* v. *Spikes,* April 15, 1920, 143 Ark. 270; 59 Ark. 513-529. The bill was properly passed by the Legislature, as the record evidence shows.

*Strait & Strait, amici curiae.*

(1) The act 39, Acts 1920, is unconstitutional and void, because the notice required by law was not given as required by art. 5, § 26, Const. (2) It violates art. 5, § 22, of the Constitution, and (3) it violates art. 5, § 25 of the Constitution. The Constitution is mandatory. 23 Ark. 1; 32 *Id.* 516; 34 L. R. A. 448; 103 Ark. 109. The Legislature can not read a bill the *third* time and pass it in one house and on the same day read it a *first* and *second* time in the other house. 38 L. R. A. 71; 34 *Id.* 488. A majority of the land owners of the district did not consent to the construction of the improvement and the cost exceeded the 20 per cent. limit. Art. 5, § 25, Constitution; 117 Ark. 190.

HART, J. (after stating the facts). It is first insisted that the bill increasing the twenty per cent. limitation on the cost of the improvement is unconstitutional because, after being passed by one house, the bill was transferred to the other branch of the Legislature on the same day and read twice there.

This court has decided adversely to the contention of plaintiff in *Reitzammer* v. *Desha Road Imp. Dist. No. 2,* 139 Ark. 168. In that case the court held that under our Constitution a bill can not be read more than

twice in either house on one day; but that after it has passed one house it may be carried to the other house on the same day and read the first and second times there, provided the rules be suspended as required by the Constitution.

Section 1 of the act passed at the special session of the Legislature of 1920 provides that the commissioners of the two improvement districts above referred to are authorized to proceed with the work of constructing the improvement, although the cost thereof in each improvement shall exceed twenty per cent. of the assessed value of the real property in the district. Special Act 39, approved January 26, 1920.

Counsel for the plaintiff contend that this provision of the statute is unconstitutional and in that contention we think counsel are correct.

Article 19, section 27 of the Constitution provides that nothing in this Constitution shall be so construed as to prohibit the General Assembly from authorizing assessments on real property for local improvements in town or cities under such regulations as may be prescribed by law, to be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected. This section of the Constitution was complied with in organizing the district, and a majority in value, of the owners of real property within the proposed district in each case signed the petition asking for the construction of the improvement. At that time section 5683 of Kirby's Digest was in force. It provides that no single improvement shall be undertaken which alone will exceed in cost twenty per cent. of the value of the real property in such districts as shown by the last county assessment.

According to the allegations of the complaint the cost of the improvement in each district will exceed the twenty per cent. allowed by the statute.

From the provision of our Constitution set out above it is apparent that local improvements in cities and towns

must be based upon the consent of a majority in value of the owners of real property in the proposed improvement district. The foundation of the improvement is the petition of the owners of real property situated in the proposed district. The Legislature passed statutes for the purpose of carrying into effect the provision of the Constitution just referred to. One provision of the statute is that no single improvement shall be undertaken which \alone will exceed in cost twenty per centum of the value of the real property in such districts as shown by the county assessments. Kirby's Digest, § 5683. This section was in force at the time the original petition in each of these districts was signed. It was evidently the intention of the framers of the Constitution that the petition when signed by the property owners must be considered with reference to the statutes then existing for the purpose of carrying into effect the Constitution. Otherwise a majority of the owners of real property might sign a petition thinking that the amount of taxation they would have to pay for the improvement was limited by the existing laws and the Legislature. might afterward materially increase their burden of taxation. This principle was recognized in *Deane* v. *Moore,* 112 Ark. 254. In that case it was held that an amendatory act to the effect that the interest on the money borrowed by the improvement district should not be computed as a part of the cost of an improvement in so far as it related to the limit of twenty per centum. The court said that to give the amendatory statute that effect would be to impose an additional burden upon the property owners without obtaining their consent as required by the Constitution. It is claimed that this language was not necessary to a decision of that case. Strictly speaking, this is true, but the language used was a part of the reasoning of the court, and in any event it states a sound principle of law. When the consent of the property owners was first obtained, the petition signed by them should have been construed with reference to the existing laws on the subject. If the laws

carrying into effect the provision of the Constitution are subsequently changed so as to increase the burden of the taxpayers, a new petition must be filed as required by the Constitution. Of course, the statute might be amended in regard to the details of carrying out the improvement, but an additional burden can not be imposed upon the citizens by increasing the tax limit without getting up a new petition and obtaining a majority in value of the owners of real property in the proposed district. This principle was also recognized in *Bell* v. *Phillips,* 116 Ark. 167, and *Sembler* v. *Water & Light Imp. Dist.,* 109 Ark. 90.

Counsel for the improvement district rely upon the case of *Faver* v. *Wayne,* 134 Ark. 31, where the court held that the Legislature could by special act remove the thirty per cent. limitation provided in the Alexander Road Law as the limitation to be expended upon improvements undertaken under that act. The Alexander Road Law is purely a creature of the statute, and the Legislature in the first instance might have dispensed with the requirement that a majority in numbers, acreage, or value, of the owners of real property in the district should sign the petition for the creation of the district. Having the power to dispense with the requirement in the first instance, the Legislature might dispense with the requirement by a subsequent statute. Here the Constitution provides that a majority in value of the owners of real property within the proposed district shall sign the petition before the improvement can be undertaken. The petition must be considered with reference to the existing laws, and no subsequent act can add to the per cent. of taxation to be paid by the property owners without again obtaining their consent to the petition.

To sustain their contention, counsel for the improvement district also rely on sections 4 and 5 of Special Act No. 39, approved January 26, 1920. Section 4 reads as follows:

"Any local improvement district that may hereafter be organized in the city of Morrilton may expend any sum necessary to complete the improvement in the district, not

in excess of the assessment of benefits, and such district shall not be limited in cost of improvements to twenty per cent of the assessed valuation of the real property in the district.''

Section 5 provides that if any part of the act is held to be invalid it shall not affect the remainder of the act.

Counsel for the improvement district contend that, even if section 1 of Special Act 39 is held to be unconstitutional, it may be stricken out without impairing the effect of the remainder of the act, because sections 1 and 4 are wholly independent, and section 5 provides that if any part of the act shall be held invalid, it shall not affect the remainder of the act. The contention of counsel is correct. This court has held that the unconstitutional portion of a statute may be stricken out without impairing the effect of the remainder of the act where the provisions are wholly independent, and it can be seen that the Legislature would have enacted the remaining part of the statute. *Snetzer* v. *Gregg,* 129 Ark. 542, and *Heinemann* v. *Sweatt,* 130 Ark. 70. This does not help counsel under the facts as disclosed by the record. Section 4, by its terms, is prospective in its operation and cannot apply to a district organized before its passage. It is clearly and manifestly repugnant to section 5683 of Kirby's Digest, which provides that no single improvement shall be undertaken which alone will exceed in cost twenty per centum of the value of the real property in such district as shown by the last county assessment. The special act raises the limitation of the cost of the improvement. The special act, being a later act, operates necessarily to engraft upon the prior and general statute a modification to the extent that the city of Morrilton in improvement districts organized after the passage of the special act may exceed the twenty per cent. limitation provided in the general act and to that extent was intended as a substitute for the general act so far as improvement districts thereafter organized in the city of Morrilton are concerned. 36 Cyc. 1093; 25 R. C. L., sec. 178, p. 929; *Walla Walla City* v. *Walla Walla Water Co.,* 172 U. S. 1; *United*

*States* v. *Matthews,* 173 U. S. 381, and *State* v. *Cosgrove* (Neb.), 26 L. R. A. (N. S.) 207.

This section, however, cannot apply to the present case because the proceedings for the organization of the district were commenced before the statute was passed.

It follows that the court erred in sustaining a demurrer to the complaint, and for that error the decree will be reversed and the cause remanded with directions to the chancery court to grant the prayer of the complaint.