HARRINGTON *v.* WRIGHT.

Opinion delivered January 24, 1921.

HIGHWAYS—ASSESSMENT OF PERSONAL PROPERTY.—Acts 1920, No. 237, providing for assessment of personal property in a road improvement district is unconstitutional, as personal property can not be specially benefited by a local improvement.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

*Duty, Duty & Nance,* for appellants.

Act 237, Acts 1920, assessing and levying an asessment of benefits on personal property in the district, is unconstitutional and void. The right to levy a special tax for local improvements can not be justified on the

theory that the property, real estate, receives special benefits. 86 Ark. 1. The only time this has ever been attempted was in the Newport Levy District case where the 1917 act was declared invalid in the Snetzer case. Such acts have been held valid in Louisiana, and possibly Indiana, to maintain levees (39 La. 455; 52 *Id.* 1392), but personal property can not be specially benefited by a local improvement.    86 Ark. 1; 129 *Id.* 542; 119 *Id.* 188; Page & Jones on Assessments, §§ 2, 4, 11; Hamilton on Special Assessments, § 275; 199 Ark. 258.

   *Lee Seamster,* for appellee.

   1.   This case differs from the Snetzer case in 129 Ark. 542: (1) There is a legislative finding that personal property in the district is specially benefited, and (2) an annual assessment and levy is provided for. 90 S. E. 441; Anno. Cases 1917 A 1046. Act 237 is presumed to be valid (6 R. C. L. 97-8), and the courts should so hold, unless the act is clearly unconstiutional. Anno. Cases 1916 C 734; *Id.* 1917 C 274; *Ib.* 1918 B 627; *Ib.* 1916 E 522; *Id.* 1918 E 68, 574; 11 Ark. 481; 32 *Id.* 131; 39 *Id.* 353.

   2.   The act is not in conflict with any provision of our Constitution, and the legislative determination is conclusive. 85 Ark. 112; 1 Page & Jones on Tax by Assessment 876. See, also, 39 La. Ann. 455. These special assessments are not "taxation" within the meaning of the Constitution. 46 L. R. A. 193; 11 *Id.* 835; 27 La. 273; 13 R. C. L. 159; 111 U. S. 701; Elliott on Roads and Streets, p. 393, and notes. It is for the Legislature to determine what property shall be assessed and how the apportionment shall be made. 90 S. E. 441.

   HUMPHREYS, J.   This suit was instituted by appellee, an owner of real estate in Road Improvement District No. 2, in Benton County, Arkansas, against appellants, commissioners of said road improvement district, to compel them to assess benefits against, and levy an assessment on, all personal property within said district, for

the purpose of constructing roads therein and paying for same. Act No. 237 of the Acts of the General Assembly of 1920 was made the basis of the action.

Appellants resisted the petition for mandamus to compel them to assess benefits against, and levy an assessment on, the personal property in the district, on the ground that the act, under which the proceeding was had, is unconstitutional and void.

Section 1 of the act in question declared that all personal property within the district was benefited and received advantages in the use thereof by reason of the improvement of the road, or roads, therein, during the period from 1920 to 1939, inclusive. The remainder of the act provided the *modus operandi* for assessing annual benefits, levying them upon said property and for the collection and expenditure thereof.

The court declared the act constitutional and adjudged the issuance of a writ of mandamus compelling appellants to carry out the provisions of the act. From that judgment an appeal has been duly prosecuted to this court.

The sole question presented by the appeal is whether it is permissive under the Constitution of this State for the Legislature to subject personal property to taxation for local improvements. The only theory upon which a special tax may be levied against property is that special benefits accrue to it on account of the local improvement. No special benefit can result to personal property on account of an improvement made in a district wherein situate. Its value can not be enhanced by reason of the construction of good roads. This court announced in the recent case of *Snetzer* v. *Gregg,* 129 Ark. 542, that "personal property can not be taxed, for the reason that it can not be specially benefited by a local improvement. The owner may be benefited in the enjoyment of the use of his personal property in that locality, but the property itself derives no benefit. * * * Assessments for local benefits must be confined to real estate receiving peculiar benefits from the improvement to be constructed and

maintained, and must be limited to those benefits, and personal property can not be taxed for that purpose.'' It is contended by appellee that the instant case is unlike the case of *Snetzer* v. *Gregg,* in that the act in question differs from the act involved in the Snetzer case in two respects, first, that there is a legislative finding that the personal property in the district is specially benefited; second, that an annual assessment and levy of benefits is provided for. We can not agree with learned counsel for appellee in this contention. A declaration by the Legislature that a special benefit accrues to property, which in the nature of things can not be benefited, can not enhance its value or otherwise benefit it. Neither can frequent assessments of benefits add value or benefit to property to which benefits can not attach on account of the assessments.

For the error indicated, the judgment is reversed and the cause dismissed.