WHALEY *v.* NORTHERN ROAD IMPROVEMENT DISTRICT.

Opinion delivered March 20, 1922.

1. LICENSES—AUTOMOBILE TAX.—The tax imposed by act February 26, 1920, upon the use of automobiles and motor trucks by residents of a road district, is not a property tax, but is a tax on the privilege of using the roads within the district.

2. HIGHWAYS—IMPROVEMENT DISTRICT—TAXATION OF PERSONALTY.— For the purpose of constructing local improvements, there can be no direct taxation, either of property or privilege, other than by taxation based upon the benefits accruing to real property for the improvement.

3. LICENSES—DELEGATION OF TAXING POWER TO IMPROVEMENT DISTRICT.—A local improvement district is not a subordinate political agency to which the Legislature, under Const. art. 2, § 23, may delegate its power under art. 16, § 5, to tax privileges; being merely a governmental agency created for the specific purpose of constructing a local improvement.

4. TAXATION—AUTOMOBILE TAX.—Act February 26, 1920, imposing a tax on the use of automobiles by residents within a certain road district, is invalid, though sought to be imposed by direct legislation, rather than under delegated authority, as the taxing power, when thus expressed, must be uniform as a State tax, or confined to one or more subordinate political agencies so as to conform to the constitutional rule for the delegation of the taxing power.

Appeal from Arkansas Chancery Court, *John M. Elliott,* Chancellor; reversed.

*Chapline & Morrison,* for appellant.

The levy made by virtue of section 3 of the act, act No. 431 Acts 1920, is not a license, but is clearly a tax

upon a certain class of personal property. Berry on
Automobiles, 3d Ed. par. 96; *Id.* par. 95; 61 Ark. 482; 20
Cal. 318. It amounts to the levy of a tax upon personal
property for the building of roads, *i. e.,* for the benefit
of an improvement upon real property. And personal
property cannot be taxed for public improvements. 129
Ark. 542; 142 *Id.* 351. The case of *Pine Bluff Trans-
fer Co.* v. *Nichol,* 140 Ark. 320, does not apply here. The
question involved differed entirely from the questions
involved in this case. The Legislature cannot make
a valid classification based solely upon residents of a
fraction of one of the State's subdivisions. It is class
legislation. 110 Ark. 204; 117 *Id.* 54; art. 2, § 18, Con-
stitution; art. 16, § 11, *Id.* A road district does not
not constitute a political or a municipal subdivision of
State. 55 Ark. 148; 48 *Id.* 379. It is a mere govern-
mental agency. 59 Ark. 513; 93 *Id.* 490.

*Robert E. Holt,* for appellee.

1. The privilege tax here imposed is not open to the
attack of double taxation. Babbitt, Motor Vehicles, § 69;
73 N. J. L. 529, 64 Atl. 529; 75 N. J. L. 500, 68 Atl. 110;
105 Miss. 58, 66 So. 745; 70 Ark. 549; 188 Mass. 79; 74
N. E. 255; 85 So. 564. As almost paralleling this case,
see 140 Ark. 320. See also 224 S. W. 168.

2. The statute does not violate the due process
clauses of the State and Federal Constitutions. 73 N. J.
L. 529; 66 Kan. 710; 72 Pac. 247; 1 L. R. A. (N. S.) 811;
216 Ill. 31.

3. Neither does it violate the provision relating to
uniformity of taxation. 70 Ark. 549; 140 *Id.* 320; 85 *Id.*
509; 102 *Id.* 131.

4. There is no merit in the contention that the
statute imposes an unjust discrimination, in violation of
art. 2 § 18, Constitution. Babbitt, Motor Vehicles, § 45;
Berry on Automobiles, § 113; 34 S. D. 271, 148 N. W. 20,
52 L. R. A. (N. S.) 949. See also 102 Ark. 131; 139 Pac.
685; 64 Fla. 726; 18 Ohio Cir. Ct. (N. S.) 488; 135
Pac. 117.

5. A tax for the privilege of using automobiles upon a street or road is not a tax on personal property. 140 Ark. 320.

McCulloch, C. J. Appellants are residents within the boundaries of an improvement district designated as the Northern Road Improvement District of Arkansas County, and they instituted this action in the chancery court of that county attacking the validity of a special statute imposing a privilege tax upon the use of automobiles and motor trucks by residents of the district.

The statute in question was enacted at the extraordinary session of the General Assembly of 1920 and was approved February 26, 1920 (unpublished acts, extra session, 1920). Appellants attack the validity of the statute on several grounds which we consider untenable, and we confine ourselves to the discussion of the single ground on which we conclude the attack is successfully made, namely, on the ground that authority could not be conferred on a local improvement district to levy a privilege tax for the payment of the construction or maintenance of the improvement.

The statute provides that the tax sought to be imposed shall be collected by the tax collector of the county, who shall pay it over to the treasurer of the improvement district.    .

This is not in any sense a property tax, but a tax on the privilege of using the roads in the district. If it were a property tax, it would fall within the condemnation declared by this court in the case of *Snetzer* v. *Gregg*, 129 Ark. 542, where we held that personal property could not be taxed to pay the cost of a local improvement.

The theory upon which local improvements are authorized to be constructed and paid for out of local taxation is that the real property affected by the district is benefited, and the benefits received constitute the only justification for the special taxation for local improvement. *Kirst* v. *Street Improvement District*, 86 Ark. 1.

Personal property cannot be taxed, as we held in the case just cited, for the reason that, in the very nature of things, that class of property cannot be benefited by the improvement. It follows, therefore, that not only are the benefits to real estate the only justification for taxation of that class of property, but it is the only method of raising funds for the construction of the improvement. Taxes cannot be levied for privileges or on other classes of property for that purpose.

We do not mean to say that there may not be contributions out of public funds to the cost of the construction of local improvements, but there can be no direct taxation, either of property or privilege, for such purposes, other than by taxation upon the benefits accruing to real property from the improvement. A county or municipality may, under appropriate legislation, contribute of its funds to the construction of local improvements, but the piece of legislation now under consideration is not of that character, and it does not authorize a tax upon the use of automobiles throughout the county, but merely a tax upon the privilege of using automobiles in this district and for the sole benefit of this district. In other words, it is a taxation by and for this particular road district.

Counsel for appellees seek to uphold this statute under our decision in the recent case of *Pine Bluff Transfer Co.* v. *Nichol,* 140 Ark. 320, where we held that it was within the power of the Legislature to authorize a county to impose a privilege tax on the use of motor cars used on the public roads. The statute was upheld in that case on the ground that the Constitution (Art. XVI, § 5) provides that the General Assembly shall have power to tax privileges, and that (art. II, § 23) "the General Assembly may delegate the taxing power, with the necessary restriction, to the State's subordinate political and municipal corporations to the extent of providing for their existence, maintenance and well-being." That decision has no application to the

present case, for a local improvement district is not a subordinate political agency of the State, but is merely a governmental agency created for the specific purpose of constructing or maintaining a local improvement. *Altheimer* v. *Board of Directors of Plum Bayou Levee District,* 79 Ark. 229. General powers of taxation cannot be delegated to such an agency, for, as we have already said, the only theory upon which taxation of any kind can be justified in the construction of local improvements is that benefits accrue corresponding in value with the cost of the improvement.

The tax sought to be imposed in this instance is by direct legislation and not under delegated authority, but when the power is thus expressed it must be general in its application so as to be uniform as a State tax or it must be confined to one or more of the subordinate political agencies of the State so as to conform to the rule prescribed in the Constitution for the delegation of the taxing power.

The court erred in sustaining the demurrer to the complaint.

Reversed and remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.