STATE *v.* BERRY.

Opinion delivered April 2, 1923.

1. LICENSES—COUNTY MOTOR TAX.—It is within the power of the Legislature to impose a county privilege tax on persons keeping and using motor-drawn vehicles within the county.

2. LICENSES—COUNTY MOTOR TAX.—Sp. Acts 1921, No. 359, requiring all persons to pay a tax for the privilege of keeping and using motor-drawn vehicles within Johnson County, in providing that the tax shall be apportioned by the commissioners of the various road districts, violates Const., art. 7, § 28, as depriving the county court of its jurisdiction over the funds collected.

3. HIGHWAYS—ROAD IMPROVEMENT DISTRICTS.—Road improvement districts do not constitute subordinate political agencies of the State for the purpose of taxation under the Constitution, and are not authorized to lay a privilege tax of any kind.

4. HIGHWAYS—DISPOSITION OF TAXES.—While a county may contribute of its funds to the construction of local improvements, funds raised under power of general taxation cannot be turned over to a road improvement district to be under its exclusive management and control and be expended solely for its benefit.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellant.

Appeal involves constitutionality of special act 359, Acts 1921, providing a tax on vehicles for Johnson County for privilege of use of public roads, defendant having driven his automobile over the roads, without payment of the tax, in violation of the law. Rule announced in *Whaley* v. *Northern Road Imp. Dist.,* 152 Ark. 573, not applicable. A similar statute held constitu-

tional in *Pine Bluff Transfer Co.* v. *Nichol,* 140 Ark. 320. Rule of *Fort Smith* v. *Scruggs,* 70 Ark. 549, applicable here. All doubts must be resolved in favor of its constitutionality. *Cumnock* v. *Alexander,* 139 Ark. 153; *Booe* v. *Sims,* 139 Ark. 595; *Dobbs* v. *Holland,* 140 Ark. 398; *Rice* v. *Lonoke-Cabot Road Dist.,* 142 Ark. 452; *Ex parte Byles,* 93 Ark. 620; *Davis* v. *Hot Springs,* 141 Ark. 522.

*Jesse Reynolds,* for appellee.

Constitutionality of act is challenged because it provides, not a privilege tax, but one for use for construction and maintenance of roads in improvement districts, to which it is to be paid exclusive of control of the county court. Case comes within the rule of *Whaley* v. *Northern Road Imp. Dist.* 152 Ark. 573; *Pine Bluff Transfer Co.* v. *Nichol,* 140 Ark. 320, distinguished.

WOOD, J. This cause was, by consent of parties, tried by the circuit court upon the following agreed statement of facts:

"The defendant, A. M. Berry, was arrested on an information filed in the justice of the peace court of Spadra Township, in Johnson County, Arkansas, on the 15th day of November, 1922, tried and convicted of owning and operating a car in Johnson County, Arkansas, without having paid a county license as provided by act No. 359 of the Special Act of the General Assembly passed and approved on the 24th day of March, 1921.

"The defendant, A. M. Berry, is a resident and citizen of Johnson County, Arkansas, and on the ——— day of October, 1922, purchased one automobile and operated the same on the roads of said county, and within Road Improvement Districts Nos. 2, 4, 5 and 6, and refused to pay the county license as provided in the act above stated. At a special session of the General Assembly of the State of Arkansas in 1920, and by special acts, Johnson County was divided into various road improvement districts; that the entire county was embraced in one or more of said districts, with the exception of a few hundred acres, and that much of said county was within

two or more road improvement districts. The defendant, A. M. Berry, lives within the interlapping territory of Road Improvement Districts Nos. 2, 4, 5 and 6.

"It is agreed that all persons owning or operating automobiles in Johnson County, Arkansas, and within said road improvement districts, are required to assess and pay a tax on such automobile for State and county purposes. It is further agreed that all persons owning and operating automobiles in said county and State, and within said road improvement districts, are required to pay the automobile tax as required by the general acts of the State of Arkansas."

The court found the appellee not guilty, and the State appeals.

The question for our decision is whether or not act 359 is a valid act.

Sec. 1 of the act provides: "All persons, firms, and corporation are hereby required to pay a tax for the privilege of keeping, within Johnson County, and using on any of the roads being, or to be, constructed, improved, and repaired, and maintained by said county, or district therein, any motor-drawn vehicle, or any horse-, mule- or ox-drawn vehicle, including cart, buggy, carriage, surrey, hack, delivery wagon, log wagon, automobile, auto truck, motor tractor, motorcycle, motor bicycle, and motor tricycle, *but such tax shall be apportioned and used exclusively in constructing, repairing, improving and maintaining the roads being constructed and to be constructed, improved, repaired and maintained by any such district;* provided, that firms or corporations liable for such tax, and who do not live within any such improvement district, shall pay into the general road fund of such county, to be used for county road purposes; provided, further, *that money collected shall be apportioned by the chairmen of the board of commissioners of the various road improvement districts in said county, quarterly, on the first Monday of each January, April, July and October, in the following manner: That derived from*

*persons, firms, or corporations, residing in one road improvement district of such county, to the credit of that district; that derived from persons living or residing in more than one district among such districts, in proportion to the cost of construction of such roads,* and that derived from persons, firms or corporations residing in no road improvement district to the credit of the general road fund of said county."

Section 2 of the act makes it unlawful to keep and use on the roads of Johnson County any of the vehicles named in the first section of the act without having obtained a license therefor.

Section 3 prescribes the penalty for violation of the act.

Section 4 prescribes the time for the payment of the license fee.

Section 5 prescribes the amount of such license fees or privilege tax on each vehicle.

Other sections provide for the method of collecting the tax.

Section 10 provides that all license fees collected "shall be by the collector of Johnson County paid over every thirty days to the county treasurer of such county, *or to such officer or depository of the district as the commissioners shall designate."*

Section 11 provides that, if any of the sections of the act be unconstitutional, it shall not affect the remainder of the act, and that the act, in so far as it is not in conflict with the Constitution, shall be upheld.

Section 12 provides that "the tax herein provided shall be in lieu of all other taxes imposed upon the articles taxed."

It was in the power of the Legislature to enact the statute imposing the privilege tax designated therein, according to the doctrine of this court in *Fort Smith* v. *Scruggs,* 70 Ark. 549, and reiterated in *Pine Bluff Transportation Co.* v. *Nichol,* 140 Ark. 320. In these cases we held that "the license fee imposed is, then, not a tax

upon property, but is in the nature of a toll for the use of the improved streets. In other words, it is the privilege of using vehicles on the improved streets, and not the vehicles itself, that is taxed. We are therefore of the opinion that the statute is not subject to the criticism that it authorizes double taxation.'' We also held that ''the subject-matter of the statute comes within the general law-making power of the Legislature, and that our Constitution specially provides that the Legislature shall have power to tax privileges in such manner as it may deem proper.''

In the case of *Fort Smith* v. *Scruggs, supra,* the power to impose the tax was delegated to a municipality, and in the case of *Pine Bluff Transportation Co.* v. *Nichol, supra,* the power was delegated to a county. In these cases it is held that the Legislature may delegate such power, under article 2, § 23 of the Constitution of 1874, which provides as follows: ''The General Assembly may delegate the taxing power, with the necessary restrictions, to the State's subordinate political and municipal corporations, to the extent of providing for their existence, maintenance and wellbeing.''

While the act under review does not delegate the power to Johnson County to lay the privilege tax, but imposes directly the tax for the privilege of keeping and using the vehicles therein named within Johnson County and for the privilege of using such vehicles on the roads improved, repaired and maintained by the county, or improvement districts therein, still, if the remaining portions of the first section and the other sections of the act were consistent with this first portion, then the act might be construed as a delegation of power to the county to lay a privilege tax for the use of the roads in Johnson County, within the doctrine of the above cases. But the remaining portions of the first section and other sections cannot be harmonized with this view. After laying the tax, as above indicated in the first section, it is provided, ''but such tax shall be apportioned and used exclusively

in the construction, repairing, improving and maintaining the roads being constructed and to be constructed, improved, repaired and maintained by any such district." And further, "that money collected shall be apportioned by the chairmen of the boards of commissioners of the various road improvement districts in said county quarterly on the first Monday of each January, April, July, and October, in the following manner," etc.

The tenth section provides, "that all the taxes collected shall be paid over to the county treasurer, or to such officer or depository of the district as the commissioners shall designate."

It will be observed that the disposition of the tax, after the same has been collected, except that portion which is paid by those who do not live in any improvement district, is put into the hands of the commissioners of road improvement districts of Johnson County. The entire tax collected under the act, if the commissioners of the district so direct, may be deposited with an officer or depository other than that of the county treasurer. It is impossible to construe these inharmonious provisions so as to uphold this act as a delegation of power to Johnson County to lay a privilege tax on the vehicles therein named, under the doctrine of *Pine Bluff Transportation Co.* v. *Nichol, supra.* The jurisdiction of the county court, except over such funds as are paid by those who do not live within any improvement district, is entirely taken away. For only the funds derived from those who do not reside in any improvement district are paid to the credit of the general road fund of the county, and even this fund, as we have seen, under § 10, may be diverted by the commissioners of improvement districts from the general revenue fund of the county. Such provisions rob the county court of its jurisdiction, and are in direct conflict with article 7, § 28, of the Constitution. This section vests the county court with exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, etc.

In *El Dorado* v. *Union County,* 122 Ark. 184, we held that the Legislature has no power to vest any tribunal, other than the county court, with jurisdiction over the expenditure of the funds raised under the general revenue clause of the Constitution, and that an optional road tax raised as a part of general revenue funds must be expended under the supervision of the county court. That doctrine is applicable here. If the privilege tax authorized by this act is a part of the general revenue of such county for road purposes, then it must be expended under the supervision of the county court.

Taking all of the provisions of this act together, it would be more appropriately classified as a delegation of power to improvement districts to lay a privilege tax than a delegation of power to the county. But it cannot be upheld as a delegation of power to improvement districts, for they do not constitute subordinate political agencies of the State for the purpose of taxation under the Constitution, and are therefore not authorized to lay a tax of any kind. As was said in the recent case of *Whaley* v. *Northern Road Imp. Dist.,* 152 Ark. 573: "A local improvement district is not a subordinate political agency of the State, but is merely a governmental agency created for the specific purpose of constructing or maintaining a local improvement. General powers of taxation cannot be delegated to such an agency."

The provisions of this act concerning the county and improvement districts are so jumbled that it appears to us to be more of an effort to lay a privilege tax for the benefit of improvement districts than for the general revenue of the county for road purposes. While a county or municipality may, under appropriate legislation, contribute of their funds to the construction of local improvements, the funds raised under power of general taxation cannot be turned over to road improvement districts, to be under their exclusive management and control and be expended solely for their benefit. *Whaley* v. *Northern Road Imp. Dist., supra.*

It follows that the act is unconstitutional. The judgment of the trial court so declaring is therefore correct, and it is affirmed.

SMITH, J., dissenting.