## Watson and Oliver *vs* Cresap, &c.

APPEAL FROM THE HICKMAN CIRCUIT.

*Assumpsit. Action. Rescission of contracts, Counterfeit bank notes.*

JUDGE EWING delivered the Opinion of the Court.

Assumpsit.

*Case 61.*

*April 22.*

The case stated.

THIS is an action of assumpsit, brought by the appellees against the appellants, for the consideration paid for a hundred dollar bank bill, on the Bank of the United States, passed by the appellants to the appellees, and which is alleged to be a counterfeit. The suit was brought in a short time after the bill was passed to the appellees, and the counterfeit note is exhibited in the record.

The declaration contains three counts, the first a special count, which alleges that the defendants were indebted to the plaintiffs two hundred dollars, and paid them in part, in a hundred dollar bill on the United States Bank, which they assumed to be genuine, when the same was counterfeit and worthless.

The second and third are counts in *indebitatus assumpsit;* the second, for property and bank bills sold and delivered; the third, for money had and received for the use of the plaintiffs.

We think the declaration is substantially good, and the proof was competent, and justified the verdict of the jury.

It must be presumed that he who passes a bill as money, passes it as genuine, and the law implies an *assumpsit* or warranty that it is so: 2 *John. Rep.* 458; 15 *John. Rep.* 241.

He who passes a bank note as money, passes it as genuine, and the law implies an *assumpsit* that it is so.

A right of action accrues *instanter*, against one who passes a counterfeit bill as genuine.

And if the bill should be counterfeit and worthless, this implied promise is *immediately*, upon passing the bill, broken, and an action lies for its breach; nor does it matter whether he who passes it knows that it is counterfeit or not: 2 *John. Rep. supra.* The action is not an action for a fraud, but for the *breach of promise implied* by law. And to sustain this form of declaring, it would

WATSON, &c.
vs
CRESAP, &c.

certainly be unnecessary to prove that the note was tendered back, as it goes for a breach of promise, and not for a restitution of the consideration upon a *disaffirmance* of the contract of payment.

As the first count, in the case under consideration, is a count on the implied promise, the proof justified the recovery without any evidence that the bill was tendered back to the defendants before suit brought, and the motion to instruct the jury, as in case of a non-suit, was properly overruled.

Assumpsit for money had and received, lies to recover back the amount where money or other bills, which are passed and received as money, forms the consideration of a counterfeit bill received.

We are also satisfied, that if money or other bills, which pass and are received as money, be the consideration given for a counterfeit bill, that it may be recovered back on an *indebitatus* count, for so much money had and received. Payment for such a bill must be regared as a payment by *mistake* for a thing of no value, but which was, at the time it was recived, believed to be, and imported on its face to be of intrinsic worth: 2 *John. Rep.* 458.

But this form of declaring proceeds on the ground of a *disaffirmance* of the contract and a restitution of the thing given in exchange. It is an equitable remedy, and to entitle the plaintiff to recover, if any thing of value has been received, it must be shown that it was tendered back before the action was brought.

Not necessary to tender back a counterfeit bank note to authorize a recovery of the consideration given for it.

A counterfeit bill is certainly of no intrinsic value, it would be as worthless in the hands of the defendants as in that of the plaintiffs, and according to the rule laid down, it would seem unnecessary to show that it was tendered back, even in this form of declaring. But whether it was or not, it is not now necessary to determine, as the recovery was proper on the first count.

The testimony of merchants and others who are in the habit of receiving, scrutinizing, and paying away bank notes, is competent to prove them to be counterfeit.

We are also equally clear that the testimony adduced to prove that the signature to the bill was not the handwriting of the President of the Bank, and that the bill was a counterfeit, was competent. If the testimony of a casual correspondent may be received as competent to prove handwriting, much more may the testimony of a merchant who has been in the habit, in the course of his business, of receiving, scrutinizing, and paying away genuine bills upon the same bank, be received as competent.

The judgment of the Circuit Court is affirmed with costs.

*Husbands* for appellants: *Owsley* for appellees.