COCHRAN v. COBB AS LAND COM'R AND COCHRAN v. COBB
AS COM'R OF STATE LANDS.

1. STATUTES: *Unconstitutional, effect of*
   When a statute is adjudged unconstitutional it is as if it had never
   been. Rights can not be built up under it. Contracts depend-
   ing upon it for their consideration are void. It protects no one
   who has acted under it.

2. LEVEE BONDS: *As payment for lands. Mandamus.*
   The Commissioner of State Lands can not be compelled by Manda-
   mus to issue a patent for land previously sold for levee bonds,
   though a certificate of purchase was issued and the bonds have
   not been returned to the purchaser. The bonds are void and
   worthless in the hands of any one.

3. SAME: . *Same. Rights of the State and her vendee. Tender.*
   When the state has executed a deed for lands sold for levee bonds,
   and the lands have passed into the hands of an innocent third par-
   ty for value, the State is estopped by its grant to resort to the land,
   but may sue the grantee for the purchase price. But where the

MAY TERM, 1884. 181

Cochran v. Cobb as Land Com'r, and Cochran v. Cobb as Com'r of
State Lands.

land though patented, is in the hands of the original vendee or
those holding under him, except by purchase for a valuable con-
sideration without notice that the entry money is unpaid, and in
*all* cases where no deed has been made but the original purchaser
or his vendee holds only a certificate of purchase, the State may
treat the payment as a nullity and subject the land to the pur-
debt; and no tender of the bonds before suit, or with the
bill, will be necessary.

APPEALS from *Pulaski* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*W. F. Henderson* for appellant.

1.   The lands were bought and paid for in 1873 while the
Levee bond act was supposed to have been in force and be-
fore the passage of the act of Dec. 14, 1874 prohibiting the
Treasurer from receiving levee bonds. *Woodward et al v.
Campbell*, 39 *Ark.* 580, is not in point, because in that case
notes were given for the deferred payments, and the pay-
ments were made *after* the passage of the act of Dec. 14. In
this case the transaction was an *executed* one on the part of
the purchaser, and the State was simply a trustee. Plaintiff
was instantly entitled to a patent, or his claim was wholly
void. If not wholly void, it was a sufficient basis for a de-
mand for a patent.

The levee bond act was so far a lawful authority on the
part of the commissioner as to make an executed sale bind-
ing on the State. An officer cannot be required to deter-
mine whether an act of the Legislature is constitutional or
not.

2.   Payment in levee bonds is no stronger than a payment
in counterfeit or forged notes, and in such case must be re-
turned or offered within a reasonable time. The Treasurer
took and retained the levee bonds, and plaintiff is entitled to

the land or the money value of his levee bonds. The act of an officer in discharge of his duties under an act of the Legislature binds the State. *Cook v. U. S.* 91 *U. S*, 389.

3. If the payment was void, no legal or equitable rights accrued to the holder of the certificate, and he has no right to a patent, and there is no impediment to a re-sale of the lands.

*Paul Bagley*, Amicus Curiae.

*C. B. Moore*, Attorney General, for the appellee.

SMITH, J. In the first of these cases, both between the same parties, it was alleged that one John M. Peck had, in 1873, purchased from the State 440 acres of swamp lands and had paid the price therof $330, to the Commissioner of Immigration and State Lands, who thereupon gave the purchaser a certificate of purchase, acknowledging the receipt of the purchase money in Arkansas Levee Bonds ; that Peck had in 1877 transferred said certificate to the petitioner, who had produced the same to the Commissioner and demanded a patent deed for the lands, but his request had been denied. And the prayer was that the defendant might be compelled by Mandamus to issue the patent. This petition was dismissed on demurrer.

1. Effect of unconstitutional statute.

In *Smithee v. Garth*, 33 *Ark.* 17, it was declared that the supposed Act of March 23, 1871, under which the Levee Bonds were issued, had not been constitutionally passed. And in *Woodward v. Campbell*, 39 *Id.* 580, it was decided that payment for the lands of the State in Levee Bonds was no payment at all, and the purchaser acquired no additional rights thereby, "When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights can not be built up under it ; contracts which depend upon it for their consideration are void ; it constitutes a protection to no one

MAY TERM, 1884.					183

Cochran v. Cobb as Land Com'r, and Cochran v. Cobb as Com'r of
State Lands.

who has acted under it." *Cooley's Cons't. Lim. 4th Ed.* 227
and cases there cited.

Nor can it make any difference that the so called bonds
were never returned to Peck or to the petitioner. They
were worthless in the hands of any one—mere waste paper.
*Jones v. Ryde, Taunton,* 488. (1 *E. C. L. R.*), *Markle v. Hat-
field.* 2 *Johns.* 455, (*per Kent, J.*); *Watson v. Cresop,* 1 *B.
Mon.* 195.

*2. Levee Bonds.*

In the second of these cases, the petitioner stated that he
had applied to the defendant in his capacity of State Land
Commissioner to purchase a certain tract of eighty acres,
which had been duly confirmed to the State as swamp land,
and had tendered in payment the price therefor fixed by law
in swamp land refunding certificates, but the defendant had
refused to permit such entry and purchase because it appear-
ed from the records of his office that another person had, in
1874, made application to purchase the same tract and had
paid the purchase price in levee bonds and had received a
certificate of purchase, which had not been surrendered, nor
other notice given of the abandonment of his claim. And
it was sought to compel the defendant to accept payment
and issue a patent to the petitioner for said land, notwith-
standing the previous sale, which was alleged to be void, be-
cause the payment had been made in an unlawful medium.
To this petition also a demurrer was sustained and final judg-
ment rendered, refusing the writ of Mandamus.

*3. Same: Rights of the State. Tender.*

The theory of the petition is, that the land, never having
been paid for, is still vacant public land; that the officer had
no authority to sell upon a credit, nor did he undertake to
do so, and that the total failure of consideration affects the
validity of the entry and avoids the whole transaction.

But to this reasoning we cannot assent. The State has al-
ready sold this land once, and there is an outstanding cer-
tificate of purchase in the hands of some one. True, there

has been no valid payment. It is the same as if counterfeit money had been received. But there are only two ways in which a contract can be rescinded. One is by mutual consent; and the other by decree of a competent court.

The rights of the State and of purchasers who have paid for lands in levee bonds are these: Where the contract has been executed, that is to say, where a deed has been made and the lands have passed into the hands of innocent third parties who have paid value for it, the state is estopped by its own grant to resort to the land, ( *Fletcher v. Peck,* 6 *Cranch* 87 ), but may maintain an action against its grantee for the purchase price. But where the land, though patented, is in the hands of the original vendee or of those claiming under him, except by purchase for a valuable consideration without notice that the entry money is unpaid; and in all cases where the contract is still executory, no deed having been made but the purchaser or his assigns holds a certificate of entry, the State may treat the supposed payment as a nullity and may subject the land to the purchase debt.

And no tender of the bonds, either before suit brought, or with the bill, will be required, but a statement of the circumstances under which they were received will suffice. *Young v. Cole.* 3 *Bing. N. C.* 724, ( 32 *E. C. L. R.*); *Gompotz v. Bartlett,* 2 *E. and B.* 849. ( 75 *E. C. L. R.* ); *Gurney v. Wormersly,* 4 *E. and B.* 133. ( 82 *E. C. L. R.* ).

The judgment in both cases is affirmed.