## HEMPSTEAD COUNTY v. GRAVE, COUNTY JUDGE.

1. MANDAMUS: *None to control judicial action.*

A court cannot be compelled by mandamus to reinstate an action which has been stricken from its docket. The reinstatement or refusal to reinstate is the exercise of judicial functions which cannot be controlled by mandamus.

.2  SAME:  *To compel county court to adjust claim.*

  If the county court of a new county refuses to ascertain and adjust its pro-
     portion of the debt of the parent county, when properly presented
     to it for adjustment, it may be compelled to by mandamus.

APPEAL from *Hempstead* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*D. W. Jones* for appellant.

The board of supervisors had but one duty to perform,
which was to examine the statement, and if found correct,
to enter of record. (*Acts of 1878, pp. 127–9.*) This act is
identical with section 6, Acts 1873, pages 143–5, and the
course of procedure was settled in *34 Ark., 240.* The
board of Howard had no power to dismiss the cause for
want of prosecution. It being clearly the duty of the board
to act, by either entering of record the statement as the
debt of Howard, or by declaring there was no debt; and
having done neither, mandamus was the remedy to com-
pel it to act. *34 Ark., supra; 9 Ib., 240; 37 Ib., 339;
Huys, ex parte, 26 Ark., 510; 3 Ib., 427; 5 Ib., 49; 14 Ib.,
368; High on Ex. Rem., ch. 3, p. 122, et seq.*

The demurrer should have been overruled. *34 Ark.,
240; 37 Ib., 339.*

*C. B. Moore* for appellee.

The action of the supervisors in dismissing the cause,
whether right or wrong, *was subject to appeal.* (*34 Ark., p.
243.*) It was the duty of Hempstead to have appeared,
and as a party interested as a party plaintiff, and prose-
cuted her claim, or *to appeal.* (*Supra.*) The order was *final*
(*10 Ark., 633; 11 Ark., 151; 22 Ark., 176*), and Hempstead
could have appealed during that session or the next, but
not thereafter. *Gantt's Digest, secs. 705, 1193.*

The county judge, after nine long years, had no right or authority to redocket the case. The power was gone. *12 Ark., 95; 10 Ib., 241; 32 Ib., 676,* and particularly *11 Ark., 151.*

But admitting (which we deny) that the county judge had the power to redocket, he had *exercised a judicial discretion* in refusing to do so. Mandamus only issues where there is no other remedy, and never to correct an erroneous decision, where error or appeal lies. (*6 Ark., 437; 14 Ib., 368; 26 Ib., 482; 6 Peters, U. S., 216.*) Nor will it lie to compel an inferior court to reverse its action in the dismissal of actions. *High on Ext. Rem., sec. 173, p. 139, ed. 1874; 25 Ark., 614.*

SMITH, J. The petition in this case represented that under the fourth section of the act approved April 17, 1873, creating Howard County, the supervisors of Hempstead had ascertained the total indebtedness of the last named county, outstanding at the date of the passage of the act, to be $92,159.35; that according to the assessment for the year 1872, the aggregate amount of taxable property in the county was $1,967,036, and the aggregate amount in that portion which was cut off and given to the new county was $297,717.50; that the proportional part of the debt falling to Howard was accordingly $13,948.14: that a certified copy of the proceedings had in the ascertainment and apportionment. of said debt was transmitted to the county clerk of Howard, and the same was by him laid before the board of supervisors of Howard at its next session thereafter; that said last-named board wholly failed and neglected to investigate and determine the correctness or falsity of said statement, or to take any action in the matter until the January term, 1875, when it

caused to be entered on its records a *nunc pro tunc* order, reciting that said cause, having been dismissed for the want of prosecution at October term, 1874, and said order of dismissal not having been entered of record, the same was now entered; that at July term, 1883, Hempstead County had moved the county court of Howard, the same court as the former board of supervisors, under another name, to redocket said cause and proceed to hear and determine the same upon its merits, but the motion was dismissed, and that the dismissal of said cause was unauthorized by law. And the prayer was for a writ of mandamus to compel the county judge of Howard to redocket said cause and proceed to a hearing.

The petition was accompanied with appropriate exhibits, showing the several steps that had been taken in the matter by the county authorities of the two counties. But it was dismissed upon demurrer.

1. MAN-DAMUS: None to control judicial action.

If the submission of the statement of indebtedness by Hempstead to the supervisors of Howard, is to be regarded as the institution of an adversary suit, the judgment below is doubtless correct. Probably none of our courts have the power at a subsequent term to restore to its docket a cause which it has previously ordered to be stricken from its docket, at least where objection is made. But if the power exists, the reinstatement of an action, or the refusal to reinstate, implies the exercise of judicial functions. And this places the court beyond the control of the writ. *Johnson, ex parte, 25 Ark., 614; High's Extra. Rem., sec. 173.*

2. To compel County Court to adjust claim.

But adjudged cases in this court have not treated the preliminary proceedings for the adjustment of burdens growing out of the formation of new counties, as in the nature of an action at all. *Phillips County v. Lee*

County, *34 Ark.*, *240*; *Pulaski County v. County Judge, 37 Ib., 339.*

Thus, the case of *Monroe County v. Lee County, 36 Ib., 378*, proceeds upon the idea that there is no right of action in the parent county until the county court of the new county has fixed the amount of the debt by the statutory method, and until that is done, mandamus to set the court in motion, and compel it to discharge the duties devolved upon it is the sole remedy.

According to this view no cause was pending before the board of supervisors or the county court of Howard which Hempstead was required to prosecute, or which was subject to dismissal for failure to prosecute, and there is none to be redocketed.

But the so-called order of dismissal should be considered as a refusal to adjust the debt, and the present petition as an application to compel the county judge to ascertain and declare the extent of Howard's liability in the premises. It was the plain duty of the board of supervisors, and of its successor, the county court of Howard, to act upon the statement furnished by Hempstead. If that statement was satisfactory, it should have been adopted and entered upon their own records; if incorrect, they could make an independent investigation and finding of the amount. The items may all be verified or disproved by reference to the public records of Hempstead.

The judgment is reversed and cause remanded, with directions to overrule the demurrer to the petition, and require the defendant to answer.