ROBERTSON *v.* DERRICK.

Opinion delivered May 4, 1914.

1. WORDS AND PHRASES—STATUTES—COUNTY JUDGE.—In section 2, Act 181, Special Acts 1911, which provides for the deposit of a certified check with the clerk of the county court, by bidders who desire to become county depositary, the word "court" held to mean "judge," with reference to the granting of an order as to publication. (Page 43.)

2. COUNTY DEPOSITARIES—DUTY OF COUNTY OFFICERS—MANDAMUS.—Act 181, Acts 1911, requiring the county judge or clerk to fix the amount of the bidder's deposit and ordering the publication of the notice, is mandatory, and the county judge and clerk may be compelled by mandamus to perform those duties. (Page 44.)

3. MANDAMUS—PUBLIC OFFICER—DISCRETION.—Where it is the duty of a county judge and clerk, under a statute, to perform certain ministerial acts, which do not require the exercise of a discretion, they may be compelled by mandamus to perform the acts. (Page 44.)

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*Roleson & McCulloch,* for appellant.

The requirement of the statute that notice shall be given of an intention to receive bids is mandatory, and no discretion is allowed or contemplated; and while mandamus will not lie to control a court in the exercise of its discretion, it will lie to compel an officer to perform a ministerial or executive duty. Acts 1911, p. 272, § § 1 and 2; Kirby's Dig., § 5156; 33 Ark. 450.

*Burke & Mann, Daggett & Daggett, S. H. Mann* and *J. W. Story,* for appellee.

Mandamus will not lie to compel the performance of an act, until after a request has been made to perform that act. 26 Cyc. 193, and cases there cited; *Id.* 198.

All the requirements of the act are put in motion by the county court, to invoke the jurisdiction of which petition should have been filed. The presumption is that when legally called upon a court will perform its duty and act as the law requires. 34 Ark. 240; 36 Ark. 280; 101 Ark. 29. See also 124 S. W. 1100, 1109; 20 Fla. 547; The act calls for the exercise of discretion by the court, a power conferred upon it by the Constitution. Const., art. 7, § 28; 94 Ark. 311. See also 39 L. R. A. (N. S.) 810; 28 Ark. 34.

*Roleson & McCulloch,* for appellant in reply.

The statute imposes a public duty upon the county judge and county clerk. There was no necessity for a previous demand. 36 Ark. 276-284; 26 Cyc. 181; 79 N. E. 123-126; 13 Enc. Pl. & Pr. 618; 127 Ill. 613; 21 N. E. 187-190.

WOOD, J. The question presented by this appeal is whether or not mandamus will lie at the instance of a

citizen and taxpayer of Lee County to compel the county judge and the county' clerk of that county to give the notice provided by and otherwise comply with Act 181, approved April 12, 1911, which provides, in part, as follows:

"Section 1. It shall be the duty of the county court of Craighead * * * and Lee counties, at the July, 1911, term thereof, and at the same term of court every two years thereafter to receive propositions from any bank, banker or trust company in said counties, that may desire to become the depositary of the public funds of said counties, including school funds. Notice of the intention to receive such propositions or bids shall be published by the clerk of said county for a period of not less than fifteen days before the commencement of said term, in some newspaper in said county."

"Sec. 2. Any such bank, banker or trust company, desiring to become such depositary, shall on or before the first day of said term of court file with the clerk of said court a sealed bid stating the rate of interest offered to be paid by such bidder for the two years next ensuing, upon the county funds, that may be deposited in pursuance to such bids. And said bid shall be accompanied by a certified check for not less than $250, and in such greater amount as the court shall order, to be stated in the advertisement heretofore required."

The provisions of the sections quoted are all of the act which it is necessary to set forth, as the other sections relate exclusively to things that are to be done after the notice is given. The sections must be construed together so as to make them harmonious and to effectuate the manifest purpose of the Legislature in passing the act.

The latter clause of the second section reads: "And said bids shall be accompanied by a certified check for not less than $250, and in such greater amount as the court shall order, to be stated in the advertisement heretofore required." The first section requires a notice to be published fifteen days before the commencement of

said term, etc. Taking these two sections together, it is apparent that the word *court* in the last clause of the second section has reference to the *judge,* for it would be impossible for the court, as a court, to order the publication of the notice fifteen days before the commencement of the term of court. Necessarily only the judge of the court could make the order for the publication required by the act. The court, as a court, could not make an order except when duly organized and in session, and as the act contemplates that the order for the publication shall be made before the court convenes, necessarily the word *court,* as used in the latter clause, towit, "the court shall order," etc., means the *judge.* The statute contemplates that the initial act shall be performed by the county judge in fixing the amount of the bidder's deposit and ordering the publication of the notice; but the statute itself fixes the minimum amount of the deposit at $250, and if the county judge fails to act in the premises, the duty is imposed on the clerk to publish the notice any way. These duties are imposed on each of those officers and they may be compelled by mandamus to perform them.

The provisions of the statute requiring the publication of the notice, in the manner and form prescribed therein, are mandatory. The publication of this notice, as provided, is merely a ministerial function, and it is the duty of the officers entrusted with its performance to act on their own motion in pursuance of the statute. All the duties of a discretionary and judicial character imposed upon the county court, come after the publication of the notice. The object of this notice is to give those desiring to become the depositary an opportunity to make their bids, and to procure the best bids obtainable for the county, and to notify bidders of the time propositions or bids will be received. The county judge and the county clerk have no discretion, therefore, as to whether or not they shall publish the notice required by the statute. As to what the court, as a court, may or may not do, or what it should or should not be required to do

after the publication is given as the statute prescribed, are not now before us for consideration. Judicial discretion, in those matters committed to the county court, will not be controlled by writ of mandamus, but even in those matters, where the court fails or refuses to act at all, it can be set in motion by mandamus.

The judge and the clerk, under the statute, must act by giving the notice, and their failure to act is tantamount to a refusal to perform a duty which is mandatory upon them, and their failure to act also shows conclusively their intention not to perform their duty.

The rule is correctly stated in *People* v. *Board of Supervisors,* 79 N. E. (Ill.) 123, as follows: "The general rule is that before applying for a mandamus an express demand should be made, and there should be a refusal to perform, either express or implied. In cases, however, where the duty sought to be enforced is of a public nature affecting the people at large, and there is no one especially empowered to demand its performance, there is no necessity for a demand and refusal. The law requiring the duty stands as a continuing demand." See also *People* v. *Board of Education,* 21 N. E. 187, and other cases cited in appellant's reply brief.

The rule and the exception is recognized in *Lee County* v. *Phillips County,* 36 Ark. 276, where we said: "The general rule is admitted to be that a demand is necessary. The exceptions sustained by some authorities are in cases where the law imposes a positive and well defined duty of a public nature upon public officers, affecting public interests. Then the law stands for a continuous demand, and it suffices to show a refusal."

It follows that the court erred in not ordering a writ of mandamus, and its judgment will therefore be reversed, and mandamus will issue here, directed against the appellees, commanding the judge to order and the clerk to publish the notice, and to further proceed as specified in the statute.