MOYER *v.* ALTHEIMER.

Opinion delivered March 23, 1925.

1. MANDAMUS—COMPELLING COUNTY COURT TO ALLOT ROAD FUNDS.—
Mandamus is the remedy provided by Special Acts 1923, p. 370,
§ 5, to compel the Pulaski County Court to appropriate the
minimum amount per square yard for aid to road improvement
districts building hard surface roads of concrete or asphalt
with concrete base, as the county court has no discretion as
to allowance of the minimum.

2. MANDAMUS—LEGISLATIVE CONTROL OVER REMEDIES.—Special Acts
1923, p. 370, § 5, providing for allotment of a portion of the
road funds to road improvement districts in Pulaski County, so
far as it provides for enforcement of its provisions by mandamus,
was within the power of the Legislature, which has complete con-
trol of the forms of remedies, so long as it does not invade the
constitutional jurisdiction of the courts.

3. HIGHWAYS—ALLOTMENT OF ROAD FUNDS.—Special Acts, 1923, p.
370, requiring the Pulaski County Court to appropriate a portion
of the road funds derived from the three-mill road tax, the
gasoline tax, the per capita tax, the automobile tax, and "any
other tax now or that may hereafter be levied and collected for
use on the roads and highways of Pulaski County," *held* to refer
only to taxes of similar character to those enumerated, and not
to the general revenue of the county, and not to be invalid as
an invasion of the jurisdiction of the county court over the high-
ways and of the disbursement of the county revenues.

4. HIGHWAYS—APPROPRIATION OF FUNDS—DISCRIMINATION.—Special
Acts, p. 370. §§ 1, 2, requiring the apportionment of funds to
road improvement districts *held* not void as discriminating
between rural and urban districts and between improved roads
of different types, as the control of the Legislature over the
tax is supreme, and the rule of uniformity of distribution
does not apply.

5. HIGHWAYS—PRESUMPTION AS TO CHARACTER OF ROAD.—Although
the record fails to show the character of the road for which
a distribution of county road funds is sought, it will be presumed
that the improvement district was legally organized and that the
road improved is a public highway.

Appeal from Pulaski Circuit Court, Second Division;
*Richard M. Mann,* Judge; affirmed.

*W. H. Donham* and *Lee Miles,* for appellant.

*R. E. Wiley* and *Gray, Burrow & McDonnell,* for appellee.

McCulloch, C. J. Appellees are the commissioners of a road improvement district in Pulaski County, designated as Little Rock-Levy and Park Hill Paving District No. 4, created by special act of the General Assembly, and they instituted this action in the circuit court of Pulaski County to compel appellant, the county court, by peremptory mandamus, to apportion to said improvement district its alleged share of road funds prescribed by statute. They alleged in their petition for mandamus that they had filed an application, or petition, with the county judge asking for a distribution of funds, and that the county judge denied the petition and refused to apportion any funds to the district. Appellant demurred to the petition of appellees, which was overruled, and then answered, and, upon the facts stated in the pleadings, the court awarded the writ as prayed for in the petition of appellees.

The statute which forms the basis of the proceeding was enacted by the General Assembly of 1923, and is applicable only to Pulaski County. Special Acts 1923, p. 370, section 1 of the statute, reads as follows:

"The county court of Pulaski County shall set aside from time to time, into what shall be known as a 'fund for building permanent roads,' a sum that shall be one-half of all road funds of every class and kind that may come into the hands of the county court for use by the county court on the roads of Pulaski County, which shall include 50 per cent. of the county court's portion of any of the following taxes: three-mill road tax, gasoline tax, per capita tax, automobile tax, or any other tax now or that may hereafter be levied and collected for use on the roads and highways of Pulaski County."

Section 2 provides that an improvement district organized upon the petition of property holders "for the purpose of building roads, highways or public thor-

oughfares, where the improvement contemplated shall provide for a paved road surface of concrete or asphalt pavement on a concrete base, shall, on filing of plans thereof, have the right to petition the county court of Pulaski County for aid out of said 'funds for building permanent roads,' in an amount that will not exceed one dollar per square yard for the pavement that the district proposes to build, as shown by plans and specifications filed," and that "it shall be the duty of the county court to make and enter an order allowing such district such aid as the county court may deem wise and expedient, taking into consideration the importance of the road seeking aid, however, not less than fifty cents nor more than one dollar for each square yard of concrete pavement or asphalt type pavement laid on concrete base, that the district proposes to build, shall be allotted any such district."

There are other sections of the statute not deemed pertinent to this controversy, except the concluding sentence of § 5, which reads as follows: "Any provision of this act may be enforced by mandamus by any taxpayer of Pulaski County."

It is further contended by counsel for appellant, as grounds for reversal, that the remedy sought by appellees is not available, and that there should have been an appeal from the judgment or ruling of the county court in refusing to make the distribution of funds. Counsel invoke the rule, often announced by this court, that remedy by mandamus cannot be made a substitute for an appeal or writ of error (*Basham* v. *Carroll,* 44 Ark. 284), and that the remedy cannot be adopted to control a judicial act or the exercise of discretion by a public officer, either judicial or ministerial. *Rolfe* v. *Spybuck Drainage District,* 101 Ark. 29. These principles have been often announced by this court, but there are exceptions to the rule, equally well settled, that mandamus is available as a remedy to compel the performance of purely ministerial acts not involving discretion, and also

to compel public officers, either judicial or ministerial, to act—not to control the exercise of discretion or judgment, but to compel action. Examples of this exception are found in cases where the county court was compelled to levy taxes to pay certain debts, the court having refused to act in the matter (*Lee County* v. *State*, 36 Ark. 276; *Hempstead County* v. *Graves*, 44 Ark. 317), and in cases where the county court has refused to levy taxes on benefits in a road district (*Carl-Lee* v. *Road Improvement District*, 157 Ark. 137), and in cases where the county judge refused to proceed with the designation of a county depository (*Robertson* v. *Derrick*, 113 Ark. 40). In the last-mentioned case it was said: ''Judicial discretion, in those matters committed to the county court, will not be controlled by writ of mandamus, but, even in those matters where the court fails or refuses to act at all, it can be set in motion by mandamus.'' The present statute expressly confers the remedy of mandamus, and, since the Legislature has complete power in prescribing the form of remedies which do not invade or exceed the constitutional jurisdiction of courts, there is no reason for holding that the designation of this remedy in the present instance was beyond the power of the Legislature. Here we have a case where the lawmakers prescribe a definite action for the county court in the distribution of funds. A minimum and a maximum amount are designated, and the county court has no discretion save in fixing the amount between the minimum and maximum. The judgment of the circuit court in awarding the mandamus is that the court be compelled to allot to appellees the minimum amount prescribed by the statute, and this is not an attempt to control the discretion of the county court, for it has no discretion in the matter as to the allowance of the minimum prescribed by the statute.

It is contended that the statute providing for the distribution of funds is unconstitutional and void; first, for the reason that it constitutes an invasion of the jurisdiction of the county court over highways and the dis-

bursement of revenues of the county. Prior decisions of this court settle that question against the contention of counsel. *Texarkana* v. *Edwards,* 76 Ark. 22; *Sanderson* v. *Texarkana,* 103 Ark. 529; *El Dorado* v. *Union County,* 122 Ark. 184; *Adkins* v. *Harrington,* 164 Ark. 280. In those cases it was decided that the Legislature could control the distribution of road funds other than those derived through the general revenues of the county. The distinction between the power to distribute the county general fund, fixed by the Constitution, and other funds raised for road purposes, is pointed out in the case of *El Dorado* v. *Union County, supra.* In the recent case of *Adkins* v. *Harrington, supra,* there was involved the constitutionality of a special statute which required distribution to a specified street improvement district in Little Rock of all the revenues derived from the three-mill road tax imposed on real property situated within the district, and the court upheld the validity of that statute. The controlling force of that decision cannot be escaped in the present controversy. In each of the foregoing cases there was involved a legislative allotment of funds to a municipality for street purposes, but none of the decisions turned on that feature. The distinction was made solely on the kind of funds to be distributed, and not on the character of the public agency which was to receive the funds. But it is contended that the present statute does not fall within prior decisions, and that the statute is void for the reason that it embraces not only the three-mill tax, the gasoline tax, the per capita tax and the automobile tax, but also "any other tax now or that may hereafter be levied and collected for use on the roads and highways of Pulaski County." It is argued that this language embraces general revenues appropriated for road purposes. We do not think the statute is fairly open to that interpretation. The rule of *ejusdem generis* is applicable, and this language only applies to taxes which may be levied of a similar character to those enumerated. Furthermore, this

language does not apply to general revenues for the reason that the road funds appropriated by the quorum court out of the general revenue fund do not constitute taxes "levied and collected for use on the roads and highways." The fund thus collected is not a levy for road purposes, but it constitutes a levy for general revenue purposes, and this is not altered by the fact that the quorum court distributes it by appropriation to roads as well as to other purposes of the county. All of the taxes specified in the statute are those over which the Legislature has complete control, according to the decisions cited above, and we think that the contention that this is an invasion of the jurisdiction of the county court is entirely unfounded.

It is contended that the views now expressed, as well as the holding of the court in the cases cited above, are in conflict with the decision in the case of *State* v. *Berry,* 158 Ark. 84. We do not think, however, that the case just cited has any bearing on the present question or that it is in conflict with prior decisions. In that case we dealt with a statute which levied a county privilege tax, pursuant to the constitutional authority delegating to counties the power to tax privileges. Such a tax, whether levied directly by the county or by the Legislature for the county, was a county tax, and the funds were necessarily general revenue funds of the county, which fell within the constitutional jurisdiction of the county court. We merely decided in that case that the Legislature could not take away from the county court jurisdiction over this fund and delegate the authority to a board composed of commissioners of the various road districts of the county. We held in the cases cited *supra* that the three-mill road tax is not a part of the revenues committed absolutely to the control of the county court, and it follows that other taxes levied, not as general revenue funds of the county, fall within the same category. The statute is not therefore void on the grounds stated above.

It is further contended that the statute is void because it discriminates between rural road districts and districts within the city of Little Rock, and also between improved roads of different types. The answer to this contention is that the control of the Legislature over the tax is supreme, and the rule of uniformity in the distribution of revenues raised by such taxation does not apply. *Sanderson* v. *Texarkana,* 103 Ark. 534.

Finally, there is a bare suggestion in the brief of counsel for appellant, without extended argument, that the record fails to show that the road improved by the district in question was a public highway, and that it does not fall within the terms of the statute under consideration. It has been held by this court that improvement districts cannot be organized to improve roads other than public highways (*Glover* v. *Improvement District,* 89 Ark. 513), and the statute under consideration must be interpreted to refer only to roads which were public highways at the time the improvement was to be made. On examination of the record we fail to find any reference to the character of the road as to whether or not it was a public highway at the time it was to be improved, but we must indulge the presumption, until it appears to the contrary, that the improvement district was legally organized, and that it was a public highway.

It was a district organized by order of the county court on petition of a majority of the owners of property, and the presumption is conclusive that the road to be improved was established as a public highway.

This disposes of all the questions raised on the appeal, and, since we have reached the conclusion that the statute is valid, and that the judgment of the circuit court thereunder was correct, it follows that the judgment must be affirmed, and it is so ordered.

WOOD and HART, JJ., dissent.