MOREHART *v.* MABELVALE ROAD IMPROVEMENT DISTRICT
No. 29.

Opinion delivered November 5, 1928.

*A. L. Rotenberry*, for appellant.

*Wallace Townsend*, for appellee.

HART, C. J., (after stating the facts). The road improvement district in question was organized under the provisions of act 126 of Acts of 1923. General Acts of 1923, p. 84. No complaint is made that the improvement district was not legally formed under the provisions of the act or that the commissioners are not carrying on the construction of the improvement in the manner provided by the act.

The sole ground of attack is that the act under which the improvement district is formed is unconstitutional. The act under consideration has been upheld in the following cases: *Moyer* v. *Altheimer*, 168 Ark. 271, 270 S. W. 91; *Newton* v. *Altheimer*, 170 Ark. 376, 280 S. W. 641; and *Reed* v. *Paving District No. 21 of Jefferson County*, 171 Ark. 710, 286 S. W. 829.

Counsel for appellants earnestly insist, however, that in none of these cases was the question of the constitutionality of the act directly and expressly discussed and decided. We cannot agree with counsel in this contention. In the case of *Newton* v. *Altheimer, supra,* there was a dissenting opinion, and, when we consider the majority opinion and minority opinion together, it is plain that every contention made by counsel for appellants in this case with regard to the constitutionality of the act was thoroughly discussed, and decided adversely to the present contention. In the case of *Reed* v. *Paving District No. 21, supra,* it was expressly stated by a majority of the court that the act now under consideration, authorizing county courts to create suburban improvement districts upon petition of a majority of property owners in the territory adjacent to the proposed improvement, was not unconstitutional as invading the jurisdiction of the county court. The reason given was that the county court itself in reality creates the district, at the will of a majority of the landowners, by affirmative action in the matter, and that it would refuse to create a district if the road to be improved was not already a public highway. The court, in express terms, said that the constitutionality of the act had been passed on in the case of *Newton* v. *Altheimer,* 170 Ark. 367, 280 S. W. 641. No useful purpose could be served by taking up the matter and considering it again, for the court has already passed upon it three times.

Again, it is insisted that the act is unconstitutional because, under its terms, the commissioners may continue in office after the road has been completed. This has been expressly decided contrary to the present contention of appellants, as is very clear when we consider the opinions and dissenting opinions in the following cases: *Easley* v. *Patterson,* 142 Ark. 52, 218 S. W. 381; and *Dickerson* v. *Reeder,* 143 Ark. 228, 220 S. W. 32. Numerous other later decisions might be cited showing that the majority of the court held to its original view,

and no useful purpose would be served by discussing this subject again.

It is also insisted that the act is unconstitutional because, under § 5, the assessors are given the power, in making the assessment of benefits, to assess damages that will accrue to any landowner by reason of the proposed improvement, including all injury to lands taken or damaged. This point has also been decided against appellant. *Dickerson* v. *Tri-County Drainage District,* 138 Ark. 471, 212 S. W. 334, and later decisions of this court.

Finally, it is insisted that the act is unconstitutional because it was amended by act 183 of the Acts of 1927, so as to provide that a district may be formed under act No. 126, embracing lands in two or more counties. Acts of 1927, p. 636. We do not consider or decide this point, for two reasons. In the first place, if we should decide that the amendment by the Legislature of 1927 to the original act passed by the Legislature in 1923 was unconstitutional, the amendment would be just as though it had not been passed, and the original act of 1923 would be left in force and unimpaired. *State* v. *Williams-Echols Dry Goods Co.,* 176 Ark. 324, 3 S. W. (2d) 340. In the next place, the amendment in question could be stricken out without affecting the validity of the rest of the act. If the amendment was stricken out, there would still be a complete, workable act without it. *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707; and *Snetzer* v. *Gregg,* 129 Ark. 542, 196 S. W. 925, L. R. A. 1917F, 999.

The decree will be affirmed.