MOFFETT *v*. TEXARKANA FOREST PARK PAVING, SEWER AND
WATER DISTRICT No. 2.

Opinion delivered March 31, 1930.

*T. B. Vance*, for appellant.

*Gustavus G. Pope*, for appellee.

McHANEY, J. Appellants brought this action in the chancery court attacking the validity of the organization of appellee district. The prayer was that it be declared void; that the commissioners be enjoined from proceeding further with the district; that the assessment of benefits be set aside and a levy of a tax thereon enjoined; that the water line proposed as a part of said improvement be eliminated, in the event the district be sustained; and that no assessments be levied for said purpose. The facts are that, in the summer of 1928, a petition, purporting to contain a majority in value of the owners of real property in the proposed rural improvement district, adjacent to the city of Texarkana, was filed

with the clerk of the county court of Miller County, praying an order of said court establishing the district for the purpose, 1st, of paving that part of County Avenue and 37th Street within the district; 2nd, of constructing a sewer system for the district; and 3rd, of building a water system therein, and to connect the water and sewer systems with those in the city of Texarkana. Thereupon the county clerk published a notice to property owners that the court would hear the petition on September 17, 1928. On that date the hearing was by agreement postponed to the 24th. Appellants appeared at the hearing, protested against the formation of the district, and the court denied the petition on the ground that a majority in value had not signed. An appeal was duly prosecuted to the circuit court, where, after a hearing, judgment was rendered establishing the district and naming the commissioners, which was certified back to the county court for further proceedings according to law from which no appeal was taken. Thereafter an assessor was appointed who made an assessment of benefits against the property, filed it, and notice was published that on a certain date the board would meet to equalize such assessments. This suit was brought prior to this meeting.

The chancery court entered a decree dismissing the complaint for want of equity as to the attack on the legality of the organization of the district. It found that the district was legally organized and not open to collateral attack. It further found that the assessment of benefits made by the assessor was arbitrary and void, and enjoined the commissioners from making any levy against the lands in the district, and from making any collection thereon. From this decree, both parties have appealed.

We think the court correctly held the organization of the district valid on collateral attack, and this suit constitutes a collateral attack on the judgment of the circuit court. The district was organized under act 126 of 1923, p. 84, and acts amendatory thereof, which provide an orderly course of procedure in the law courts to be pur-

sued in the establishment of the district. Appellants did not pursue the remedy provided. Instead of appealing to this court from the judgment and order of the circuit court, as provided in said act, they elected to abandon their direct attack by appeal and to substitute therefor this collateral attack in the chancery court. In *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390, 142 S. W. 836, this court said, relative to a collateral attack upon a domestic judgment of a court of general jurisdiction, that "It is well settled that every presumption will be indulged in favor of the jurisdiction of such court, and the validity of the judgment it enters. Unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of such court did not exist, such collateral attack against the judgment rendered by it will not prevail. * * * It is true that a judgment may be attacked collaterally when, by the record, it is shown that there was want of jurisdiction in the court rendering it, either of the subject-matter or of the person of the defendant." Not only does the record in this case fail to show want of jurisdiction in the circuit court of either the subject-matter or the parties, but it affirmatively appears that it did have such jurisdiction, given it by statute and by the voluntary appearance of all the parties therein. Hence appellants are concluded relative to the regularity of the organization of the district.

Many interesting questions are argued which, on appeal or other direct attack, might be fruitful of results, but which, on collateral attack, cannot be considered.

Another argument made is that the regular circuit judge being ill, a special judge, Judge Arnold, was elected to hold the June term of court. He being disqualified to try this particular case, another special judge, Judge Jones, was elected. By consent of all parties Judge Jones heard the evidence and argument in the grand jury room while Judge Arnold was proceeding with the regular business in the court room. The court took this case under advisement, and some weeks later in

the June term of court, Judge Arnold vacated the bench and Judge Jones announced the judgment of the court in this case. This was a valid judgment under the authority of *Cox* v. *Gress*, 51 Ark. 244, 11 S. W. 416, where it was said, "that a trial had by consent before a special judge at his chambers, while the regular judge is upon the bench, may be the foundation for a subsequent valid judgment, when the special judge assumes the functions of his office in court."

It is also argued that the act under which the district was organized is unconstitutional. The act has been held to be constitutional and valid by this court in the following cases: *Moyer* v. *Altheimer*, 168 Ark. 271, 270 S. W. 91; *Newton* v. *Altheimer*, 170 Ark. 376, 280 S. W. 641; *Reed* v. *Paving Dist. No. 21 of Jefferson County*, 171 Ark. 710, 286 S. W. 829; and *Morehart* v. *Mabelvale Rd. Imp. Dist. No. 29*, 178 Ark. 219, 10 S. W. (2d) 856.

Other questions are argued by counsel for appellants, which we have examined and find not open for consideration on collateral attack.

The district has appealed from the decree canceling the assessment of benefits. The statute provides the procedure to correct the assessment by hearing before the board of commissioners and the assessor as a board of equalization. Section 6 of the act provides that they shall hear all complaints against the assessment, and shall equalize and adjust the same, and further that "their determination shall be final, unless suit is brought in the chancery court within thirty days to review it." Appellants did not follow this procedure, but brought this suit attacking the district and the assessment without waiting for a meeting of the equalization board, without presenting their complaints to it, and without having a hearing thereon. We are therefore of the opinion that appellants attacked the assessment prematurely, and that they should have followed the procedure provided by statute by first attempting to have the assessment corrected by the board of equalization, and, if not satisfied.

to have then had it reviewed in the chancery court. This we assume they may still do.

The decree will be affirmed on direct appeal, and reversed and remanded with directions to dismiss the complaint for want of equity on the appeal of the district. It is so ordered.