## RODGERS v. MABELVALE EXTENSION ROAD IMPROVEMENT DIST. NO. 5 OF SALINE COUNTY, ARK., et al.

### No. 11072.

Circuit Court of Appeals, Eighth Circuit.

May 2, 1939.

Rehearing Denied June 12, 1939.

Wallace Townsend, of Little Rock, Ark., for appellant.

William H. Glover, of Malvern, Ark., and Ernest Briner, of Benton, Ark., for appellees.

Before GARDNER and THOMAS, Circuit Judges, and REEVES, District Judge.

GARDNER, Circuit Judge.

This is an appeal from a decree which dismissed the suit brought by appellant as plaintiff below for want of equity. It will be convenient to refer to the parties as they appeared below. Plaintiff brought this suit to enforce the payment of certain bonds issued by the defendant Mabelvale Extension Road Improvement District No. 5 of Saline County, Arkansas. The defendants challenged the constitutional validity of the statute under which the district was organized and the bonds issued. The facts were stipulated below and hence are not in dispute.

The Legislature of the State of Arkansas, in 1923, by Act 126, page 84 provided for the organization of suburban improvement districts for various purposes including the improvement of highways, and provided a procedure by which the property owners of a described area might organize the district and might issue bonds and pledge the assessed benefits for their payment. The act contained provision that it should be operative only in counties with a population exceeding 75,000 inhabitants as shown by the last Federal census, and further, that any lands within ten miles of a city having a population of 10,000 inhabitants should be deemed to be adjacent to such city and might be included in such district, provided such lands were located in a county having 75,000 inhabitants.

The properties included in the defendant district are all located in Saline County, Arkansas. At the time of the passage of

Act 126 in 1923, and at the time of the enactment of certain acts amendatory thereof, and at the time of the organization of the district, Saline County, Arkansas, had a population of only 16,781 inhabitants, and the largest city in the county had a population of 2933 inhabitants. Pulaski County is and was the only county in the State of Arkansas having a population exceeding 75,000 inhabitants, and the City of Little Rock is wholly within that county.

By Act 183, page 636, of 1927, the Legislature of Arkansas amended several sections of Act 126, and as so amended the act contained provision which undertook to extend the provisions of Act 126 so as to make it applicable to other counties of Arkansas having a smaller population, and made the act a general law applying to all counties in the state. Pursuant to this amendatory Act 183, the County Court of Saline County, Arkansas, established the defendant district, the order of the court being entered August 27, 1928, in conformity with the provisions of the amended law. On September 23, 1929, the district issued bonds in the aggregate amount of $18,000, and these bonds are the bonds in suit.

Section 23 of Article 5 of the Constitution of Arkansas provides: "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length." (Pope's Digest of the Statutes of Arkansas, p. 109.)

In 1926, the people of Arkansas adopted Amendment No. 14 to its Constitution, which amendment provides as follows: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."

The lower court, in dismissing plaintiff's suit, held that the Act of the Legislature, No. 183 of 1927, was unconstitutional and void, and that the bonds, being issued under authority of that act, were therefore without authority and void.

On this appeal, plaintiff's contention is succinctly stated in his brief as follows: "The whole case rests upon the question of whether this District and its bonds issued in 1929 are governed by a decision of the Supreme Court of Arkansas rendered on June 11, 1934, and whether the

Federal Court is governed by that decision of the Arkansas Supreme Court."

The question of the constitutional validity of Act 183 of 1927 was before the Supreme Court of Arkansas in Texarkana-Forest Park Paving District v. State, 189 Ark. 617, 74 S.W.2d 784, 785. In the course of the opinion in that case it is said: "It definitely and certainly appears from a mere reading of Act 183 of 1927 that no valid improvement district could be organized under its authority and mandate. Without the aid of Acts 126 and 645 of 1923, the provisions of Act 183 of 1927 are absolutely meaningless and void of purpose."

The court then set out Section 23 of Article 5 of the Arkansas Constitution, and further said:

"In Watkins v. Eureka Springs, 49 Ark. 131, 4 S.W. 384, this court decided that an act of the General Assembly which had the purpose and effect of extending to cities and towns rights and remedies which existed by law in favor of counties could not be so extended by reference to title only. We have uniformly held, following the case just cited, that when a new right is conferred or cause of action given, that section 23 of article 5 of the Constitution of 1874 requires the whole law governing the right and remedy to be re-enacted in order to enable the court to effect its enforcement. * * *

"Act 183 of 1927 falls squarely within the condemnation and inhibition of section 23, article 5, of the Constitution of 1874 and likewise within the doctrine of the cases cited, supra, therefore is unconstitutional and void."

On motion for rehearing the original opinion was adhered to, and it was further held that the act was unconstitutional "because inhibited by amendment No. 14 to our Constitution." In so holding, the court, among other things, said: "Everyone must admit that Act No. 126 p. 84 of 1923 was local and special in its effect; everyone must admit that Act No. 183, p. 636 of 1927 amended the Act of 1923 so as to make it general in its application. The Act of 1927 was an abortive attempt to amend a local law; the act sought to be amended remained a local act at all times unless it was converted into a general act by the passage and approval of Act No. 183, p. 636 of 1927."

It is strenuously urged that under the law prevailing in Arkansas at the time

the bonds in suit were issued, they were valid, and hence, in the Federal Court the validity of the bonds in question should be determined by the law as judicially declared by the highest court of the state when the bonds were issued and the rights and obligations of the parties accrued.

In Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 114 A.L.R. 1487, the Supreme Court indicates that, "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."

In Ruhlin v. New York Life Insurance Company, 304 U.S. 202, 58 S.Ct. 860, 862, 82 L.Ed. 1290, the court, in referring to the rule announced in Erie Railroad Co. v. Tompkins, supra, said: "The parties and the federal courts must now search for and apply the entire body of substantive law governing an identical action in the state courts."

It had been the rule of the Federal Courts, even before Erie Railroad Company v. Tompkins, supra, that the construction of a state statute or a state constitution by the highest court of the state will be followed. Senn v. Tile Layers Protective Union, 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229; Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178; Hartford Accident & Indemnity Co. v. Nelson Mfg. Co., 291 U.S. 352, 54 S.Ct. 392, 78 L.Ed. 840; Supreme Lodge, Knights of Pythias v. Meyer, 265 U.S. 30, 44 S.Ct. 432, 68 L.Ed. 885.

In Senn v. Tile Layers Protective Union, supra, in an opinion by Mr. Justice Brandeis, it is said [301 U.S. 468, 57 S.Ct. 861]: "Those issues involved the construction and application of the statute and the Constitution of the state. As to them, the judgment of its highest court is conclusive."

In Hartford Accident & Indemnity Co. v. Nelson Mfg. Company, supra, in an opinion by Mr. Justice Cardozo, it is said [291 U.S. 352, 54 S.Ct. 394]: "As to the meaning of the statute now challenged as invalid, the Supreme Court of Mississippi speaks with ultimate authority."

Plaintiff does not bring himself within the rule for which he contends. It cannot, we think, be properly said that the Supreme Court of Arkansas had, prior to the issuance of the bonds in suit, ever upheld as constitutionally valid Act No. 183 of 1927. In fact, in none of the cases cited by counsel for plaintiff, decided before the issuance of these bonds, was Act 183 of 1927 involved or considered, except in Morehart v. Mabelvale Road Improvement District No. 29, 178 Ark. 219, 10 S.W.2d 856, 857, in which the court declined to pass upon the constitutionality of the act though it might have done so. In Morehart v. Mabelvale Road Improvement District No. 29, supra, the Supreme Court of Arkansas, referring to Act 183, said: "We do not consider or decide this point for two reasons, in the first place, if we should decide that the amendment by the Legislature of 1927 to the original act passed by the Legislature in 1923 was unconstitutional, the amendment would be just as though it had not been passed, and the original act of 1923 would be left in force and unimpaired. State ex rel. v. Williams-Echols Dry Goods Co., 176 Ark. 324, 3 S.W.(2d) 340. In the next place, the amendment in question could be stricken out without affecting the validity of the rest of the act. If the amendment was stricken out, there would still be a complete, workable act without it."

In Texarkana-Forest Park Paving District v. State, supra, the court pointed out that no valid district could be organized under Act 183 of 1927; that without the aid of Act 126 of 1923 it was meaningless and void of purpose. Confessedly, the district could not have been legally organized, nor the bonds issued, under Act 126 of 1923. True, Act 126 of 1923 had been held valid as a local act applying only to Pulaski County. But Act 183 of 1927, under which plaintiff must assert his rights, had never been held constitutional by the Supreme Court of Arkansas prior to the time the defendant district was formed, nor since that time, so that the only decision on the question is that of Texarkana-Forest Park Paving District v. State, supra. If this case were being tried in the state court, we must assume that the Supreme Court of Arkansas would again hold the act under which the district was organized and the bonds issued constitutionally invalid, and hence, it is our duty to do so. An unconstitutional law is in reality no law, and generally is as inoperative as if it had never been passed. The act here challenged was constitutionally void not only from the time it was

so declared by the Supreme Court of Arkansas, but ab initio. It therefore conferred no rights, created no authority in anyone, and justified no acts performed under it. Cochran v. Cobb, 43 Ark. 180; Road Improvement Dist. #4 v. Burkett, 163 Ark. 578, 260 S.W. 718; State of Arkansas v. Little Rock, Miss. & Tex. Ry. Co., 31 Ark. 701; Norton v. Shelby County, supra; Chicago, I. & L. R. Co. v. Hackett, 228 U.S. 559, 33 S.Ct. 581, 57 L.Ed. 966.

The decree appealed from must therefore be affirmed.